Towsley v. Olds.

## Towsley *v.* Olds.

Where an action was brought on an agreement in writing, as follows :—
    "State of Iowa, Clayton County, 1855.   We, the undersigned, agree
    to pay the sum of money annexed to our names, as subscribed by us
    in our own handwrite, whenever the county judge of Clayton county,

shall certify on the back of this paper, that a good and substantia bridge has been built across Turkey River, at Millville, in the county of Clayton, designating also, the person to whom payment shall be made;" to which instrument, it is averred by the petition, the defendant subscribed fifty dollars, and that on the 7th of May, 1857, the county judge of Clayton county, certified on the back of said paper, that a good and substantial bridge had been built across Turkey river, at Millville, in the county of Clayton, and that the several sums of money subscribed, were justly due to the plaintiff; and where the petition was demurred to, and the demurrer sustained by the court; *Held*, 1. That it was not necessary for the plaintiff to aver the consideration upon which the agreement was executed; 2. That it was not necessary for the plaintiff to aver that he had built the bridge; 3. That the fulfilment of the conditions upon which the money was payable, was sufficiently averred.

### Appeal from the Clayton District Court.

### WEDNESDAY, OCTOBER 13.

Suit on an instrument of writing, which reads as follows : "State of Iowa, Clayton county—1855. We, the undersigned, agree to pay the sum of money annexed to our names, as subscribed in our own handwrite, whenever the county judge of Clayton county shall certify on the back of this paper, that a good and substantial bridge has been built across Turkey river, at Millville, in the county of Clayton, designating, also, the person to whom payment shall be made."

To this instrument, it is averred, that the defendant subscribed the sum of fifty dollars; and that on the 7th of May, 1857, the county judge of Clayton county, certified on the back of said paper, that a good and substantial bridge had been built across Turkey river, at Millville, in the county of Clayton, and that the several sums of money subscribed were justly due to the plaintiff.

To the petition the defendant demurred, and the demurrer was sustained. The plaintiff appeals.

*Noble, Odell & Drummond*, for the appellant.

*McClintock & Ainsworth,* for the appellee.

STOCKTON, J.—The objections urged to the petition upon the demurrer, are that no consideration is shown for the alleged liability of the defendant; and that it is not averred that plaintiff has performed any services, entitling him to sue upon the instrument of writing.    It was not necessary for the plaintiff to set out, or aver in his petition, the consideration upon which the agreement was executed, or the money to be paid.    That was to be determined by the instrument itself.    As the contract was in writing, a consideration for the promise, is to be presumed, in the same manner as if the suit had been upon a sealed instrument at common law.    Code, section 975.

As the money was to be paid to the order of the county judge, upon its being shown by his certificate that the bridge was built, and upon his designating the payee, it was not necessary for the plaintiff to aver that he had built the bridge, in order to recover on the agreement the amount subscribed by the defendant.    The fulfilment of the conditions upon which the money was payable is sufficiently averred.    A promissory note, or an obligation to pay money, to the order of another, has, when endorsed, always been held sufficient to enable the holder to recover.    Story on Promissory Notes, sec. 36; Edwards on Bills and Promissory Notes, 369.

Judgment reversed.