## THE STATE v. PATTERSON.

1. Bail bond: DEFENDANT NEED NOT SIGN. Under section 4968 of the Revision, it is not necessary that a defendant in a criminal prosecution, who furnishes bail for his appearance, should sign the bond with his sureties.

2. —— CLERICAL ERROR. The insertion of the word "he," in a bail bond drawn up according to the form prescribed by the section before referred to, in place of "we," making the bond read "he will pay to the State," etc., instead of "we will pay," etc., is a manifest clerical error, and should be disregarded.

3. —— EVIDENCE: PRESUMPTION. In an action upon a recognizance taken before a magistrate, for the appearance of the defendant before the District Court, it is not incumbent upon the State to offer in evidence, either preliminary to or in connection with the introduction of the bond, the docket of the justice, or the minutes of his examination, for the purpose of showing that he has made the indorsement or finding specified in section 4596 of the Revision. Of these facts, the bond is presumptive evidence, as also of the fact that it was taken by the magistrate in place of the body of the accused. *The State* v. *Hufford, post.*

4. —— FAILURE TO FILE BOND: NUNC PRO TUNC ORDER. It is not erroneous, in such an action, to admit in evidence the entry of a *nunc pro tunc* order, that the bail bond which had in fact been deposited with the clerk, but not marked "filed," should be so marked as of the day when deposited.

*Appeal from Guthrie District Court.*

FRIDAY, JANUARY 24.

BAIL BOND: WHAT IT IMPLIES AND PROVES: FILING OF, ETC. — Action upon bail bond executed to the State by the defendants, whereby they undertook that one Benjamin Reed should appear at the next term of the Guthrie District Court to answer to a criminal offense therein specified. The bond in its recitals and conditions, is in *literal* compliance with the form provided in section 4968 of the Revision, with the exception noticed in the opinion. It is alleged in the petition that Reed, though duly indicted at the next term of the court, for the offense for which the undertaking held him to answer, failed to appear when required, and the bond was thereupon duly forfeited. Defense in denial. Trial to jury. Verdict for the State. Judgment accordingly. Defendants appeal.

*Phillips, Gatch & Phillips* for the appellants.

*Henry O'Connor,* Attorney-General, for the State.

DILLON, Ch. J. — I. The bond in question is in precise conformity with section 4968 of the Revision, with the exception of the word "he" in the place of the word "we" will pay to the State of Iowa, etc. This bond was signed by the two defendants, but not by the said Reed, who made or signed no bond and entered into no obligation to appear at the next term of the court. The section referred to (4968) authorizes "bail to be put in by a written undertaking executed by one or more sufficient sureties *with or without the defendant.*" The latter course was pursued.

The insertion of the word "he" in the place of the

1. BAIL BOND: defendant need not sign.

The State v. Patterson.

word " we " is manifestly a mere clerical error. Defend-

2. —— clerical ants did not mean to undertake that Reed
error. should pay the State of Iowa, for Reed did
not sign the present bond or any other. They intended
to become liable under section 4968 for Reed's appear-
ance, and they should be held accordingly.

On the trial, the State's attorney offered this bond in
evidence. The. defendants objected because " the same

3. —— evi- created no liability to the State of Iowa."
dence: pre-
sumption. The objection was overruled and the defend-
ants excepted.

This objection was based upon the clerical error above
referred to, and the objection was properly overruled.

It is argued in this court that the State ought to have
produced evidence that the justice of the peace made a
finding (see Revision, section 4596) that a public offense
had been committed, and that there was sufficient reason
for believing the defendant guilty thereof. That without
this finding, the magistrate could not lawfully take or
demand a bond.

This may be true, but such a finding is *prima facie*
shown by the bond, which recites that Reed had been by
the order of the justice (giving his name and the time),
held to answer to the charge of—(properly stating it), and
had been admitted to bail in the sum of $1,000. This
bond having been signed by the defendants, was *prima
facie* evidence that the justice had made the findings,
without which he could not have made the order holding
the accused to answer.

What we hold is, that under such a bond it was not
incumbent on the State to offer in evidence, either pre-
liminary to or in connection with the bond, the docket
of the justice or the minutes of his examination or a
transcript thereof, for the purpose of showing that he had
made the indorsement or finding specified in section

4596 of the Revision. Of these facts the bond is *prima facie* evidence. If, in point of fact, no such order had ever been made and the bond had been required without any information, examination, or finding, this would be proper matter of defense.

So, also, the fact that a bond with the required recitals and conditions was executed, duly acknowledged, delivered to and accepted by the justice, is presumptive evidence that it was taken and received in the place of the body of the accused. If the accused was not under arrest or in custody, and was not released in consequence of the undertaking, these facts could be shown by the defendant, and, under the law, must be shown by him in cases where the bond contains the recitals and conditions required by the statute. In support of these views, see *State* v. *Hufford* (*post*, p. 579), and authorities there cited.

II. On the trial, the State, after having shown that an indictment had been duly found, and that Reed had failed to appear when duly called and required, offered in evidence the journal entry of the present term of the court, ordering the bond sued on to be filed as of the 4th day of June, 1866, which entry is as follows: " *The State of Iowa* v. *Benjamin Reed*. Now comes the plaintiff with motion to have bond filed *nunc pro tunc*, which motion is by the court sustained and the bond ordered to be marked filed now, as of June 4th, 1866, it appearing to the court that the said bond has in fact been deposited in the office of said clerk from and at all times since that date."

*4. — failure to file bond.*

Defendants objected because this entry was *ex parte*, and therefore inadmissible. The objection was overruled, the entry read to the jury and defendants excepted.

That the court did not err will sufficiently appear by reference to the following cases decided by this court. *Stone* v. *Murphy*, 2 Iowa, 38; *State* v. *Jolly*, 7 Id. 15;

*State* v. *Posthlewait*, 14 Id. 446; *State* v. *Giessenhans*, 20 Id. 228.

In thus holding, we are not to be understood as expressing the opinion that such *nunc pro tunc* filing, *i. e.* marking the paper "filed," was indispensable to a recovery, or if it were so, that it would *conclude* the appellants if made in their absence and without notice to them.

Affirmed.