The State v. Cannon.

---

## THE STATE v. CANNON *et al.*

1. Bail: ADMISSION TO: BOND. Where a defendant charged with felony on preliminary information before an examining magistrate, is arrested in another country, he is not entitled to be taken before a magistrate thereof for the purpose of giving bail; and a recognizance taken by such magistrate for the appearance of the defendant at the district court of the county in which the warrant was issued is, under section 4539 of the Revision, inoperative as a statutory bond.

2. —— But it seems that, though not binding as a statutory bond, the obligors may, nevertheless, be made liable thereon, treating it as an obligation assumed by them for the benefit and at the request of the accused.

The State v. Cannon.

*Appeal from Buchanan District Court.*

THURSDAY, JULY 25.

ACTION upon the following recognizance : " County of Fayette : An order having been made on the 5th day of March, 1870, by E. C. Little, a justice of the peace of the township of Washington, that Martin Marrion be held to answer upon a charge of assault and battery with intent to kill, upon which he has been duly admitted to bail in the sum of $500, we, Thomas Cannon, Michael Flanigan and Thomas McCuniff, of the township of Oran, Fayette county, Iowa, farmers by occupation, hereby undertake that the said Martin Marrion, shall appear at the district court of Buchanan county, at the next term thereof, and answer said charge and abide the orders and judgment of said court, and not depart without leave of the same, or if he fail so to perform either of these conditions, that we will pay to the State of Iowa the sum of $500.

" THOMAS CANNON,
" MICHAEL FLANIGAN,
" THOMAS McCUNIFF.

" Acknowledged before and accepted by me, at Ovan township, of the county of Fayette, this 5th day of March, 1870.
" JESSE J. ROBERTS,
" *Justice of the Peace.*"

Answer in denial. The evidence shows the information filed before Little, justice of the peace in Buchanan county, and order made by him holding Marrion to bail in the sum of $500, for his appearance at the district court, that the offense was committed in Buchanan county, forty or fifty rods from the Fayette county line. The bond and records of the court were introduced, showing the indictment, calling of Marrion, failure to appear, forfeiture and order for suit on bond.

Trial by the court, and judgment for defendants. The plaintiff appeals.

*J. B. Powers*, district attorney, for the appellant.

*Lee & Weart* for the appellees.

DAY, J. — The evidence shows that an information was filed before E. C. Little, a justice of the peace of Buchanan county, charging Martin Marrion with the crime of an "assault and battery with intent to kill." The justice issued his warrant for the arrest of the accused, and indorsed upon the same an order to " admit defendant to bail in the sum of $500, if desired."

The sheriff of Buchanan county arrested Marrion, and at his request took him before Jesse Roberts, a justice of the peace of Fayette county, where he gave the bond sued on, and was discharged.

It is clear that the bond sued on was not taken in the manner authorized by law, nor accepted by a magistrate having authority to do so.

The information charges the defendant with a felony. The duty of the officer making the arrest is prescribed in section 4539 of the Revision, as follows : " If the offense stated in the warrant be a felony, the officer making the arrest must take the defendant before the magistrate who issued it, at the place mentioned in the command thereof, or in the event of his absence or inability to act, before the nearest or most accessible magistrate, in the county in which it was issued." The next section provides that if the offense stated in the warrant be a misdemeanor, the officer must, upon being required by the defendant, take him before a magistrate of the county in which he was arrested, for the purpose of giving bail for his appearance at the district court of the county in which the warrant was issued, on the first day of the next term thereof.

In the case of a felony, no provision is made for admitting the defendant to bail for his appearance at the district court, till after the preliminary examination, or waiver thereof, nor by a magistrate in any other county than that in which the warrant for arrest issued.

Hence, Jesse Roberts had no authority under the statute to accept the recognizance, and, as a statutory bond, it is inoperative.

But, though not binding as a statutory bond, it does not follow that the defendants should be discharged of all liability thereon. True, the remedies thereon, which are purely statutory cannot be enforced. It does not become a lien upon the property of the obligors, from the time of filing in the office of the clerk of the district court, under the provisions of chapter 234 of the Revision.

But it is a bond, voluntarily executed by defendants, at the request of the accused, and for his benefit. Under it, he has been discharged from custody. He has derived all the advantages which he could have had under a bond taken in the manner prescribed by the statute. And, although he could not have *required* the acceptance of the bond, and his discharge thereunder, still having been released in consequence of the bond, there is no legal reason why the obligors thereon should not discharge their voluntarily assumed obligation.

Reversed.