## THE STATE v. WRIGHT.

1. **Bail bond:** ACTION ON: PLEADING. In an action on a forfeited recognizance it is not necessary to allege in the petition, as a consideration of the bond, that the prisoner was released from custody thereunder. This is presumed, and the contrary must be shown by way of defense.

2. —— APPROVAL OF. It is not necessary to the validity of a bail bond that its approval or acceptance should be written thereon. If, by the determination of the proper officer, the bond was regarded by him as sufficient to authorize the discharge, this amounts to a sufficient acceptance; and after such discharge has taken place, such determination will, in the first instance, be presumed.

*Appeal from Wright District Court.*

MONDAY, DECEMBER 8.

THE plaintiff filed a petition alleging that William Story, on the 6th day of November, 1871, was held to answer to the State on a charge of burglary, and that the committing magistrate admitted him to bail in the sum of $800.

That the defendant, A. Wright, voluntarily entered into a recognizance, a copy whereof is attached to the petition, whereby he undertook that the said William Story should appear at the next ensuing term of the district court, and answer said charge, and abide the orders and judgment of the court.

That at the next ensuing term of court, the grand jury returned against said William Story an indictment for the charge under which he was bound.

That on the 14th day of May, 1872, the said William Story was called in open court, and required to answer said indictment, but came not.

That the defendant was thereupon called in open court, and required to produce the body of William Story to answer unto said charge, and that he wholly failed to do so, whereupon the bond was forfeited, and the district attorney was authorized to prosecute the same.

That the claim is plaintiff's property, due and unpaid.

The following is a copy of the recognizance attached to the petition:

" COUNTY OF WRIGHT, }
   *State of Iowa.* }
"An order having been made on the 6th day of November, A. D. 1871, by L. H. Cutler, justice of the peace of the township of Belmond, that William Story be held to answer upon a charge of burglary, upon which he has been duly admitted to bail, in the sum of $800, I, A. Wright, of Belmond, and by occupation an insurance agent, hereby undertake that said William Story shall

appear at the district court of the county of Wright at the next term thereof, and answer said charge, and abide the orders and judgment of the said court; and not depart without leave of the same, or if he fail to perform either of these conditions, that I will pay to the State of Iowa the sum of $800.

"A. WRIGHT."

" STATE OF IOWA, }
  *Wright County.* }

" That I, A.Wright, being duly sworn, depose and say, that I am a resident of the State of Iowa, that I am the security in the foregoing bond, that I am worth the sum of $10,000 beyond the amount of my debts, and that I have property liable to execution in the State of Iowa, equal to $10,000.

"A. WRIGHT."

" Sworn to before me, and subscribed in my presence, by the said A. Wright, this 13th day of December, 1871.

"N. F. WEVER,
  " *Notary Public.*"

" The foregoing recognizance and sureties taken and approved by me, this            day of            , A. D. 1873.
  *Clerk.*

" Filed this 2d day of January, A. D. 1872.
  " L. P. DAVIS,
  *Clerk District Court.*"

The defendant demurred to the petition as follows :

" Said petition does not state facts sufficient to constitute a cause of action in this :

" I. It does not appear therefrom that the recognizance sued on was ever accepted or approved by a competent magistrate or officer.

" II. It does not appear therefrom that the criminal, William Story, was admitted to bail under or by virtue of said recognizance.

"III. The recognizance annexed to the petition is not accepted or approved by any competent officer, as required by law, and would not have given defendant the power to surrender Story, and to be exonerated, as provided by law."

The court overruled the demurrer, and the defendant electing to stand thereon, rendered judgment against defendant for $800 and costs.

Defendant appeals.

*Clark & Moulton* for the appellant.

*M. E. Cutts*, attorney-general, for the appellee.

Day, J. — The bond is in all respects formal and properly executed, except that the blank for the approval thereof by the officer accepting the same has not been filled.

1. BAIL BOND.

The case can be more clearly presented by considering the objections raised by the demurrer, in an order different from that in which they are assigned.

1. We will first consider the second assignment of the demurrer, which is as follows: "It does not appear (from the petition) that the criminal, William Story, was admitted to bail under or by virtue of said recognizance."

The precise point urged under this objection is, that it does not appear that Story was discharged from custody under or in virtue of this bond. In other words, that the petition does not show that Story secured his freedom from custody because of the execution of this bond. These facts, however, do sufficiently appear from the petition : 1. That on the 6th day of November, 1871, Story was in the custody of the officers of the law, for on that day he was held to answer to the State on a charge of burglary.

2. That on the 14th day of May, 1872, Story was not in custody, for he was then called in open court, and required to arpear, and failed to do so.

3. That the defendant executed the bond sued on for the pur-

pose of securing the release of Story. This is apparent from the whole structure of the bond. Defendant undertakes that Story shall appear at the next term of the district court and answer the charge. The only possible consideration that there could be for this undertaking between the defendant and the State is the release of Story from custody. It is clear then that the bond was executed for the purpose of securing the release of Story, and that this release constitutes the consideration, and the only consideration which could exist for the execution of the bond. Is it then necessary that this consideration, the discharge of Story, should be alleged in the petition, in order to constitute a sufficient pleading? It is one of the fundamental rules of pleading in this State, that all statements which need not be proved to any extent may be omitted from the pleading. Rev., § 2965. All contracts in writing executed in this State import a consideration. Rev., § 1824.

It is not necessary, therefore, that a party suing upon a written contract in this State should prove a consideration in the first instance. And if such fact need not be proved, it need not be averred in the petition. Nor is it any objection that no consideration appears upon the face of the writing. *Towsly* v. *Olds*, 6 Iowa, 526; *Linder* v. *Lake*, id. 167.

The want of consideration must be averred and shown by way of defense. Rev., § 1825; *Linder* v. *Lake*, *supra*. There are but four conditions respecting this case, of the existence of which we can conceive:

1. That the defendant was released under the bond sued on.

2. That he caused to be executed another bond, and was released thereunder.

3. That he escaped from custody, and was not discharged under any bond.

4. That, notwithstanding he was called in open court, and required to appear, yet that he was at that time in jail, or in custody. Under the first condition the defendant would be liable; under the last three he would not be liable upon his bond. But the bond, importing a consideration, imports or implies the existence of the first condition. If any of the last

three conditions exist, the fact must be shown by defendant as a defense. These views are sustained by *State* v. *Patterson*, 23 Iowa, 575, and *State* v. *Hufford*, id. 579.

II. We are now prepared to consider the first assignment of the demurrer, which is as follows:

" It does not appear (from the petition) that the recognizance sued on was ever accepted or approved by a competent magistrate or officer."

The statute does not require that the undertaking of bail shall be *approved*. It provides that bail is put in by a written undertaking, acknowledged before and *accepted* by the officer taking the same. Rev., § 4968. The statute does not provide what this acceptance is, but it must consist of the mental determination of the officer before whom the bond is executed, that it is in proper form, that the obligors are responsible for the amount assumed, and that it shall be received in place of the body of the prisoner, and shall entitle him to his discharge. This mental determination, of necessity must precede the discharge of the prisoner. The written indorsement of acceptance upon the bond would be conclusive evidence of the existence of this mental state; and until the discharge of the prisoner, perhaps it would be the only competent evidence of such fact.

*2. —— approval of.*

But when the prisoner's discharge has actually occurred, because of the bond, it, from like necessity, must be conclusive evidence of the existence of that which was essential to his discharge, namely, the determination of the proper officer that the bond was sufficient to require or authorize the discharge. And as the bond implies the release thereunder, it must also imply that without which the release could not have been effected; namely, that the proper officer determined that the bond was sufficient, and that because of its execution the prisoner should be released; in other words, that he accepted the bond.

And it certainly does not lie in the mouth of the defendant now to say that notwithstanding Story was released because of the execution of this bond, yet that the bond was never

accepted or approved by a competent magistrate or officer, and hence he is not bound thereby.

In *State* v. *Cannon*, 34 Iowa, 322, it appeared affirmatively that the bond was accepted by another than the proper magistrate. Yet in that case we held that, the bond being voluntarily executed, and the release of the criminal being thereby secured, the bond was valid as a common-law undertaking.

In this case it does not affirmatively appear that the bond was not accepted by the proper officer. For greater reason, therefore, should the defendant be bound by his undertaking.

III. The last point in this demurrer is that " The recognizance annexed to the petition is not accepted or approved by any competent officer as required by law, and would not have given defendant the power to surrender Story and to be exonerated as provided by law."

Sections 4987 and 4988 provide for the surrender of the defendant by his sureties. To this end they may, by a written authority, indorsed on a copy of the undertaking, empower any person of suitable age and discretion to arrest the defendant at any place within the State.

Appellant urges that if a surety should take a certified copy of such a recognizance as this, which would not show upon its face that the bond had been accepted or approved by the proper officer, and the defendant should be arrested thereunder, he might be discharged under a writ of *habeas corpus*, and that thereby, because of the neglect of the officer to indorse upon the bond his approval thereof, the surety might be deprived of his legal right to surrender the party for whom he is bail.

It will be time enough, when a case involving such a state of facts arises, to declare the law applicable to it. It is not claimed that the defendant has been in any way prejudiced by the failure to indorse the approval. Because a state of facts might arise which would exonerate the defendant from liability, it does not follow that he should be discharged when such facts do not exist.

In our opinion the demurrer was properly overruled.

Affirmed.