## W. H. Peters and others *v.* The State.

1. BAIL.— By the former Code of Criminal Procedure (Pasch. Dig. art. 2748), a sheriff was prohibited from taking bail in a felony case "during the term of the court," and was required to take the accused before the court, to enter into recognizance. *Held,* that this article applied only to cases pending in the District Court, and not to cases of which it had not by indictment or otherwise acquired jurisdiction or cognizance. The Revised Code of Procedure, in article 304, contains a more explicit provision to the same effect.

2. SAME.— Being committed by a justice of the peace on a charge of bailable felony, the bail of the accused was fixed by the justice at $1,000, but subsequently the State's counsel and the accused agreed

that the sheriff should release the accused on a bond for $500; which being executed by the present appellants, the accused was released. In defense to *scire facias* on the forfeiture of the bond the appellants contend that it was void because taken by the sheriff in a sum different from that fixed by the justice. But *held* that appellants are estopped. Note the distinction between this case and those of *Barringer* v. *State,* 27 Texas, 553, and *Neblett* v. *State,* 6 Texas Ct. App. 316. Such agreements, however, are highly reprehensible on the part of officials representing the State, and especially so on the part of the officer having the custody of the accused.

APPEAL from the District Court of Dallas. Tried below before E. G. BOWER, Esq., Special Judge.

The case is sufficiently stated in the opinion.

*D. A. Williams* and *D. M. Payne,* for the appellants.

*H. W. Holmes,* for the State.

WHITE, P. J. From the evidence adduced on the trial it appears that on the 4th day of August, 1876, W. H. Peters was arrested by the sheriff of Dallas county by virtue of the warrant of a justice of the peace, issued on a complaint charging him with theft from a house, the property stolen being a watch. When brought before the magistrate, the accused waived an examination, and the justice ordered that he should give a bail bond for his appearance at the next term of the District Court, fixing the amount of the bond at the sum of one thousand dollars. On the 17th day of August thereafter, defendant, with the other appellants in this case as his sureties, executed a bail bond for his appearance to answer said charge at the next succeeding term of the District Court, to commence on the 2d Monday in December,— the penalty or sum named in the bond being five hundred dollars. This bond was taken and approved by the sheriff, and at the date of its execution and approval the District Court

of Dallas county was holding a regular term and was then in session.

It is contended on this appeal from the final judgment rendered upon the forfeiture of said bail bond, that there are two patent errors for which the judgment should be reversed. 1st, because the defendant was charged with a felony, and, the District Court being in session at the time, the sheriff had no authority to take the bond; but that the accused should have been taken before the court that he might there enter into his recognizance. 2d. That if the sheriff had authority under the circumstances to take the bail bond, then he could only take it in such sum as had been fixed and prescribed by the justice, and that any bond taken and approved by him in another and different sum was an absolute nullity.

Theft from a house, at the time the bond was executed, though we have no such specific offense now, was a statutory felony, and so was and still is the theft of property over the value of twenty dollars. In support of the first error, article 2748, Pasch. Dig., which was the law then in force, is relied upon. It provides that "in cases of felony the sheriff cannot during the term of the court take the bail, but must bring the accused before the court that he may there enter into recognizance; but if from any cause the term of the court should end before such recognizance can be or is entered into, then and in that event the sheriff may take bail in such amount as may have been fixed in the case by the court." This statute manifestly refers only to cases pending in the District Court, and not to cases over which that court has acquired no jurisdiction, and is not applicable to cases like the one under consideration, of which at the time that court had no cognizance whatever. This construction is fully sustained by the wording of the present statute found in our Revised Code of Procedure. "In cases of felony when the accused is in custody of the sheriff or other peace of-

ficer, *and the court before which the prosecution is pending* is in session in the county where the accused is in custody, such sheriff or peace officer is not authorized to take a bail bond of the accused, but must take the accused forthwith before such court, that he may enter into recognizance or be committed as the case may be." Code Crim. Proc. art. 304.

Here no indictment had been found, no *capias* or bench warrant had been issued; in fact no single step towards a prosecution of any kind had been taken in the District Court, and that court not only had no jurisdiction of the party or subject matter, but knew nothing of either. To our minds in such circumstances the law never could have contemplated that that court should be required to take the recognizance of a party in a matter of which it had no judicial or other legal cognizance. So far, then, as the facts were concerned, it made no difference if the District Court was in session; that did not deprive the sheriff of authority to take and approve the bond as though it were vacation, or as in ordinary cases. Pasch. Dig. art. 2761.

But it is said that in the event the sheriff had the authority, then he could only take bail in such amount as was fixed by the court. This amount, as we have seen, was fixed by the magistrate at the sum of $1,000. Upon this point we make the following quotation from the statement of facts in the record, viz.: " The parties then agreed that R. E. Cowart, who represented the State, and W. H. Peters and his attorneys agreed that M. M. Moon, sheriff of Dallas county, Texas, might take the bond in the penal sum of five hundred dollars, instead of the sum of one thousand dollars, the amount fixed by W. W. Peake, the committing justice of the peace." So it seems then that the change in the amount of the bond was not made by the sheriff of his own motion, but at the instance of and by special agreement between parties and their attorneys.

From the fact that the bond was reduced to one-half the sum fixed by the justice, we think it but reasonable to presume that it was at the solicitation and in the interest of the defendant and his sureties. At all events he obtained the benefit of it, his liberty; and his sureties by the agreement entered into relieved the State of her custody of the prisoner and assumed control of his person, themselves promising to become responsible for his forthcoming and appearance at the time stipulated. Can he or they be now allowed to take advantage of their own wrong, if wrong it be, and be heard to say that the bond is a nullity and they are absolved because the amount is less than the justice required?

We think not. By the voluntary agreement which they entered into with the legal representative of the State the obligors in the bond are estopped from denying the validity of their obligation solely upon the ground that it is less onerous in amount than that fixed by the justice; and especially is this so when we have every reason to believe that the obligation assumed by them was not only for the benefit but at the request of the accused. Their positive agreement deprives them of the right to complain. *Speak* v. *United States*, 9 Cranch, 28; *State* v. *Cannon*, 34 Iowa, 322.

As made by the facts the case here presented is entirely different from the cases of *Barringer* v. *State*, 27 Texas, 553, and *Neblett* v. *State*, 6 Texas Ct. App. 316, in both of which cases the sheriff of his own motion exacted and took bonds different in amounts from the sum prescribed by the justice, and not only different in amounts but also more onerous in terms.

But, whilst we hold that the sureties by virtue of the agreement alone, are not absolved from their liability, we cannot pass over in silence the assumed action or right and authority of the officers representing the State, and especially the sheriff having legal custody of the accused,

to become a party to such an agreement for interfering with or changing the orders of the court in any particular with regard to the terms of a prisoner's custody. It is a dangerous assumption of authority, and one which subjects the officer himself to liability to punishment.

So far as appellants are concerned, however, we find no error in the proceedings and judgment, and the judgment is therefore affirmed.

*Affirmed.*

HURT, J., having been of counsel, did not sit in this case.