STATE OF IOWA, Appellee, v. HARDY FRIEND, Defendant; FANNIE FRIEND, Intervener, Appellant.

No. 40570.

APRIL 10, 1931.

James L. Cameron, for appellee.

F. E. Northup, for appellant.

KINDIG, J.—As suggested by the foregoing preliminary statement, the state commenced this proceeding against the defendant, Hardy Friend, for the purpose of forfeiting a cash

bail bond deposited by, or in behalf of, him. The defendant, on March 7, 1929, was convicted of illegally transporting intoxicating liquors and illegally having possession of such liquors. Two sentences of $500 each were imposed upon him; that is to say, one penalty for each offense. Thereby the total fine was $1,000. When so doing, the district court fixed the defendant's appeal bond at $1,500 in each case, thus making it necessary for the defendant to post bonds aggregating $3,000 in order to appeal.

Fannie Friend, the intervener-appellant appeared before the clerk of the district court of Hardin County, on March 9, 1929, and deposited $3,000 in cash as an appeal bond for and in behalf of the defendant, who is her son. Thereupon the defendant was released from custody and given his liberty, pending the proposed appeal. An appeal was attempted by the defendant, and the clerk of the district court duly certified the record in the case to this court. But, according to the procedendo issued by this court, the appeal was dismissed. It appears in the record that the appeal was dismissed because the defendant did not serve the notice thereof within the statutory time.

After the procedendo was returned, the district court, on September 5, 1929, in the proper proceeding, ordered the clerk of that court to apply $1,000 of the cash bond in satisfaction of the two fines aggregating that sum. No objection is made by appellant concerning that action of the district court, and the defendant has not appealed. Appellant, however, does complain because the district court on November 16, 1929, ordered the remaining $2,000 of said cash bond forfeited on the theory that the defendant did not appear in accordance with the terms of such bond. According to the record, it seems that the defendant has absconded, and upon that theory the state sought to forfeit said remaining $2,000 deposited as bail. Appearance was made by the appellant in the proceeding to accomplish such forfeiture. This was done by way of the petition of intervention, before mentioned. To this petition of intervention the state interposed a demurrer, but, as previously indicated, evidence was introduced and, according to the abstract, a trial was had on the petition of intervention as if the demurrer were an answer. Neither the state nor the appellant

relied upon the demurrer, as such, but, according to the abstract, records and proceedings not named in the petition of intervention were introduced in evidence. On this appeal we are asked not to consider the demurrer as such. There is presented to us for consideration not only the petition of intervention and the so-called demurrer, but likewise many records and facts not shown in the petition of intervention. Consequently on this appeal we will, as the district court apparently did, consider the so-called demurrer as if it were an answer to the petition of intervention.

Following the hearing in the district court, that tribunal declared a forfeiture of the bail bond on the theory that the defendant did not appear, as required by law. Complaint, therefore, is made by the appellant because the district court did not release to her the $2,000 of the aforesaid cash bail bond. The basis for appellant's complaint in this regard is that the notice of appeal from the judgments of the district court to this court being filed too late, there never was in fact an appeal and therefore no consideration for the bail.

By way of reply to that contention, the state claims that the defendant obtained his liberty through the bail, and therefore he and appellant are estopped from claiming that the appeal was not properly taken. Also it is urged by the state that a consideration existed for the bail because through it the defendant obtained his liberty during the attempted appeal and was not asked to surrender himself into the custody of the Hardin County officers until after the appeal had been dismissed. Such is a statement of the matters involved in the controversy.

■ I. Underlying the appellant's argument is the thought that the bail money belonged to her and that she simply aided the defendant by delivering the funds into the custody of the district court clerk on the theory that an appeal would be perfected. Through someone's neglect, the appeal was not properly taken. Because of such neglect and failure, appellant contends that the money should be returned to her. Therefore the first question presented is whether appellant stands in any different position than the defendant, so far as the bail money is concerned.

Section 13627 of the 1927 Code provides:

"The defendant, at any time after an order admitting him

to bail, instead of giving bail, may deposit with the clerk of the district court to which the undertaking is required to be sent, the sum mentioned in the order, and, upon delivering to the officer in whose custody he is, a certificate under seal from said clerk of the deposit, he must be discharged from custody.''

It will be noted that the deposit named in the statute is to be made by the defendant and not by someone else. Although the money in fact does not belong to the defendant, yet, so far as the state is concerned, the deposit is made as if it were his property. Concerning this, we said in State v. Owens, 112 Iowa 403, reading on page 407:

''It will be observed that there are no provisions (in the statute) for the deposit of money by any person other than the defendant himself—no right of surrender except by the bail or the defendant himself, and, when a deposit of money is made, no right of return except to the defendant. The thought that a third person may furnish the money that defendant is authorized to deposit, and afterwards surrender the defendant and secure a return of the deposit, is distinctly negatived. Bail is expressly defined in the Code, and the form thereof given. Deposit of money by a third person is not authorized. * * *''

Again in State v. Anderson, 119 Iowa 711, reading on page 718, we declared:

''* * * this statute does not contemplate the deposit of money by third persons, and we have held that bail cannot lawfully be allowed upon such security. * * * The statute, as there interpreted by us, goes no further than to allow the defendant himself to deposit money equal to the bail required, and in such case no bond is taken or required.''

Likewise we said in State v. Hart, 209 Iowa 119:

''The argument at this point is, however, that the cash bail was not 'money' deposited by the *defendant* in the criminal case, and that the ownership of the money was in the appellant, and not in said defendant, and that, therefore, the money is not subject to the payment of the judgment for costs rendered against the defendant in the criminal case. The identical question was before us in State v. Owens, 112 Iowa 403. The statute at that time was identical with the present statute.''

So, it is apparent that the cash bail, so far as the state is concerned, must be made by the defendant. Then, according to the statute, and the authorities interpreting it, such cash, although delivered by another must in law be considered the property of the defendant when the rights of the state are involved. For as said in Wright & Taylor v. Dougherty, 138 Iowa 195, reading on page 198:

"True, under the statute, the money is to be deposited in the name of the defendant, and perhaps in a sense the legal title thereto is to be regarded as in him. But the money in the hands of the clerk is no more than a deposit, and this is only in favor of the State, the other party to the transaction; and the interest of the State does not extend to the actual ownership of the money. It goes no farther than that the defendant shall appear when called for trial, and that the deposit shall be available out of which to pay any fine or costs that may be assessed against him. This the depositor must be held to have agreed to. The statute goes no farther, and the cases cited go no farther. As between the depositor and the defendant, or his creditors, the ordinary rules of property obtain. It is well settled that a levy of attachment is of force only to the extent of the real interest of the debtor in the property seized, either under levy or garnishment."

Nevertheless, as stated by all the authorities, the money in law is deemed to belong to the defendant, so far as the rights of the state are affected. The statute requires that the cash bail must be furnished by the defendant and for the purposes of such bail the state may conclude that the defendant owned the funds. When the demands of the state have been fully met, and the rights of third parties become material, then a different question will arise, as shown by the discussion in Wright & Taylor v. Dougherty (138 Iowa 195), supra. In the case at bar, however, the rights of the state itself are involved, and it must be presumed that the money deposited belonged to the defendant. This ownership may arise on the theory of a loan by the appellant to him, but regardless of that, the final result must be that the defendant owned the bail money so far as the state is concerned.

As a result of the law above stated, the appellant has no

greater right to, or any different interest in, the bail money here involved than does the defendant himself. If the defendant, then, himself could not defeat the forfeiture, the appellant cannot do so.

■ II. Under the circumstances, has the defendant a valid reason why the bail money should not have been forfeited by the district court? That is the final question. An answer may be found in the statutes as interpreted by the decisions of this court. Section 13994 of the 1927 Code contains the following provision:

"The mode of reviewing in the Supreme Court any judgment, action, or decision of the district court in a criminal case is by appeal. Either the defendant or state may appeal."

According to Section 13995 of the same Code:

"An appeal can only be taken from the final judgment, and within sixty days thereafter."

And such appeal is to be taken in the following manner, as provided by Section 13997 of said Code:

"An appeal is taken and perfected by the party or his attorney serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, and on the clerk of such court, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto."

Hence it is obvious that the posting of a bond is no prerequisite for an appeal from the district, to the supreme, court in a criminal case. The jurisdictional steps in taking such appeal are the serving and filing of the proper notice. Following such notice and service, an abstract is to be filed and arguments made, as provided by law. There is only one reason for a bond, and that is to avoid the immediate execution of the judgment. In order to avoid such execution during the appeal, the bond is necessary. It is said in Section 14002 of the 1927 Code that:

"An appeal taken by the defendant does not stay the execution of the judgment, unless bail is put in * * *."

Consequently the bail is merely incidental to the appeal. An appeal, therefore, is not the consideration for the bail, but rather such consideration is to be found in the suspension of execution pending the appeal. Without the bail, the state will immediately compel the defendant to execute the sentence or pay the fine. When the bail is furnished, such execution is suspended until after the appeal is terminated. Here in the matter before us the defendant, by posting the bond, obtained his liberty, as before explained. No demand was made upon the defendant to return into the custody of the state until after the dismissal of the appeal.

Regardless of whether in any event, because of defects in the appeal procedure, the defendant could have been again taken into custody before the dismissal of the appeal, he, in fact, was not so taken and enjoyed his freedom for the full time that a valid bond under a legally perfected appeal could have granted him. A consideration, therefore, appears for the bond. Not only that, but when depositing the bond the appellant warranted that an appeal was taken by him. Having thus warranted the preliminary prerequisite for the bond, it is said by some courts that the defendant is now estopped from denying the existence of the same. These pronouncements are well sustained by the authorities. State v. Cannon, 34 Iowa 322; State v. Wright, 37 Iowa 522; Prescott v. Bacon, 64 Iowa 702; Carroll County v. Cuthbertson, 136 Iowa 458; 4 Corpus Juris, 1269, sec. 3354. To illustrate the thought, the following quotation is taken from Carroll County v. Cuthbertson, supra, reading on pages 461-2:

"But where the bond is not taken in the manner authorized by law nor accepted by a magistrate so authorized, this court is committed to the doctrine that it is enforceable *if the prisoner procured his release thereby, on the theory that it was voluntarily executed for his benefit, and he has derived all the advantage which he could have had under a bond taken in the manner prescribed by statute.* (The italics are ours). State v. Cannon, 34 Iowa 332; State v. Wright, 37 Iowa 522. These decisions have been criticized and conclusions to the contrary reached in Robertson v. Shepherd, 165 Mo. 360 (65 S. W. 573), and Dickenson v. State, 20 Neb. 72 (29 N. W. 184). But see Dennard v. State, 2 Ga. 137; Rupert v. People, 20 Colo. 424 (38 Pac. 702) * * * The distinction is clearly drawn in Steven-

son v. Morgan, supra, where, after reviewing the decisions, Lobinger, C., says: 'The basis of the distinction between these two lines of cases is the consideration. If it exists, the instrument may be enforced like any other contract, and annulment of or departure from a statute providing for it is not fatal. If, on the other hand, the consideration is absent, the instrument, like any other *nudum pactum*, affords no basis of recovery.' "

Support for the foregoing Iowa authorities may be found in the decisions of other jurisdictions. Dye v. Dye, 55 Pac. 205 (Colo.) ; Bortree v. Dunkin, 123 Pac. 913 (Wyo.) ; Meserve, Executrix v. Clark (Ill.), 4 N. E. 770; Mueller v. Rice, 136 N. W. 146 (Wis.) ; McVey v. Peddie, 96 N. W. 166 (Nebr.) ; Pierce v. Banta, 31 N. E. 812 (Ind. App.) ; Swofford Brothers Dry-Goods Co. v. Livingston, 65 Pac. 413 (Colo.) ; Tanquary v. Bashor, 94 Pac. 22 (Colo.) ; Moss v. Summit County, 208 Pac. 507 (Utah) ; Kirschbaum v. Mayn, 246 Pac. 953 (Mont.) ; Pratt v. Gilbert, 29 Pac. 965 (Utah). The following applicable statement is found in Pratt v. Gilbert, last named:

"* * * it would be an outrage on justice and fair dealing to allow these defendants to plead that they were not liable on these undertakings, because they were filed one day too late, after they have operated to stay the proceedings, as they were intended. When sued upon an undertaking of the nature of these, the obligors are *estopped* from denying their recitals. (The italics are ours). Arnott v. Friel, 50 Ill. 174; Trimble v. State, 4 Blackf. 435; Smith v. Whitaker, 11 Ill. 417; Adams v. Thompson, (Neb.) 26 N. W. Rep. 316. We think these authorities clearly sustain the position that the defendants are *estopped* from denying that an appeal was taken, when all that could have been gained by an appeal was gained. (The italics are ours). We think reason and righteousness sustain this view."

It is unnecessary here to determine whether the Iowa courts should add the estoppel theory to the doctrine of consideration before explained, in sustaining bonds of this kind. The consideration principle alone sustains the judgment in the case at bar. By so concluding, however, we do not repudiate the estoppel doctrine. One theory apparently supplements the other.

Therefore, it is apparent that the appellant here cannot

144

avoid liability on the cash bond because, perchance, the appeal was improperly taken. Obviously the defendant enjoyed all the benefits that he in any event could have had. His liberty during the time in question was fully granted. There was no molestation of his freedom during the interim. Resultantly a consideration arose supporting the bond. This is the rule adopted in this state, as shown by the aforesaid Iowa cases. There is nothing in the foregoing opinion inconsistent with the rule announced in Brenton v. Lewiston, 204 Iowa 892. The question involved there was whether the bond was sufficiently filed to constitute the surety's appearance in the case, and nothing else.

Wherefore, under the record the district court properly declared the forfeiture, and the judgment of that court should be and hereby is affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, WAGNER, MORLING, and GRIMM, JJ., concur.