## Linder v. Lake.

Where an action is brought upon a written contract, the objection that no consideration is shown upon the face of the instrument, or that none is averred by the plaintiff in his petition, cannot be raised by a demurrer.

The want of consideration, or the failure, in whole or in part, of the consideration of any written contract, must be averred and shown by way. of defence.

In an action on an agreement in the nature of a penal bond, the plaintiff cannot recover the penalty named in the agreement, nor any sum more than nominal, until some damage is averred and shown.

Where in an action by A. L. and J. R., on a written contract, which reads as follows:   "I, E. W. L., do this day, December 20th, 1855, agree and bind myself, in the sum of five hundred dollars, to have the east half of the south half of south-east quarter of section thirty-three, township eighty, range six, released of a certain mortgage executed by me to M. J., I having this day sold forty acres of said land to A. L. and J. R.   Said release to be made in sixty days from this date," and which was signed by E. W. L. and E. C.   The petition alleged that on the 18th day of December, 1855, the said E. W. L., in consideration of the sum of four hundred dollars, sold and conveyed, to A. L. thirty acres, part of the premises described in the contract, by deed, with covenants of general warranty, and against incumbrances, and on the 19th of the same month, in consideration of two hundred and forty dollars, sold and conveyed to J. R. ten acres of the same premises, by deed, with like covenants; that the said lands were not, at the time of the said conveyances, free from incumbrance, but were subject to a mortgage executed by E. W. L. to one M. J., for the sum of eighteen hundred dollars; that after the execution and delivery of said deeds, the plaintiffs, upon being informed thereof, applied to E. W. L. to have the lands conveyed to them, released from the lien of said mortgage; that the said E. W. L. agreed so to do, and on the same day, in consideration of the premises, executed the instrument of writing sued on; that the said defendant did not release said lands from said mortgage, nor any part thereof; that the same remains unreleased and unsatisfied; that defendants have wholly neglected and refused to release said lands from said mortgage; and that, therefore, plaintiff's

Linder v. Lake.

ask judgment.for the penalty of said written agreement ; and where the petition was demurred to, for the following reasons : 1. That there are no proper parties to the said agreement ; 2. That the petition shows that the pretended agreement, is without any consideration ; 3. That the plaintiffs seek to recover for their several demands, in a joint action ; and, 4. That it is not averred or shown that plaintiffs have sustained any damage, by reason of the failure of defendants to comply with their agreement—which demurrer was sustained by the court : *Held*, 1. That the names of the obligees were implied, if not expressed ; 2. That the agreement was joint as to the obligees, and the action properly brought in their joint names ; 3. That the question as to the consideration, could not be raised by demurrer ; 4. That the plaintiffs could, at least, recover nominal damages ; and, 5. That the court erred in sustaining the demurrer.

*Appeal from the Johnson District Court.*

Friday, June 11.

The plaintiffs bring their suit upon the following instrument of writing, executed by defendants : "I, E. W. Lake, do this day, December 20th, 1855, agree and' bind myself, in the sum of five hundred dollars, to have the east half of the south half of the south-east quarter of section thirty-three, township eighty, range six, released of a certain mortgage executed by me to Matthew Johnson, I having this day sold forty acres of said land to Anton Linder, and Jacob Rees. Said release to be made in sixty days from this date. E. W. LAKE.

EZEKIEL CLARK."

The plaintiffs aver, that on the 18th day of December, 1855, the said E. W. Lake, one of defendants, in consideration of the sum of four hundred dollars, sold and conveyed to Anton Linder, one of the plaintiffs, thirty acres, part of the above described premises, by deed of conveyance, with covenants of general warranty, and against incumbrances ; and on the 19th of the same month, in consideration of the sum of two hundred and forty dollars, sold and conveyed to Jacob Rees, one of the plaintiffs, ten acres, part of the same premises, by deed of conveyance, with like covenants ; that the said lands were not, at the

time of the several conveyances aforesaid, free from incumbrance, but were subject to a mortgage executed by defendant Lake, upon the same, to one Matthew Johnson, for the sum of eighteen hundred and fifty dollars ; that after the execution and delivery of said deeds, they, the plaintiffs, upon being informed thereof, applied to defendant, Lake, to have the lands conveyed to them, released from the lien of said mortgage ; and that the said Lake agreed so to do, and on the same day, together with Ezekiel Clark, the other defendant, in consideration of the premises, executed the instrument of writing sued on. The only breach alleged is, that defendants did not release said lands from said mortgage, nor any part thereof ; that the same remains unreleased and unsatisfied ; and that defendants have wholly neglected and refused to release said lands from said mortgage. Wherefore, plaintiffs ask judgment for the penalty of said written agreement, to-wit : the sum of five hundred dollars, which amount they claim they are entitled to recover.

The defendants demurred to the petition, for the following reasons : 1. That there are no proper parties to said pretended agreement ; and it does not appear that the same is an agreement between the defendants, on the one part, as obligors, and the plaintiffs on the other part, as obligees ; 2. That the petition shows that said pretended written agreement, is without any consideration ; 3. That the plaintiffs seek to recover for their several demands in a joint action ; and, 4. It is not averred or shown that plaintiffs have sustained any damage, by reason of the failure of defendants to comply with their agreement. This demurrer was sustained by the court, and the plaintiffs appeal.

*J. D. Templin & Co.*, for the appellants.

*Wm. E. Miller*, for the appellees.

STOCKTON, J.—The only question for our consideration

is, whether there was error in the ruling of the district court in sustaining the demurrer.

I.   The instrument of writing is certainly very clumsily drawn, but we think, there is little chance for mistake as to its meaning.   By a slight transposition of the sentence, it may be thrown into proper shape, and all room for misapprehension obviated.   If the names of the obligees are not expressed, they are evidently implied, by the whole tenor of the agreement; and no one, we apprehend, would be liable to be misled into designating any other than the present plaintiffs as the obligees in the agreement.

II.   To the objection raised by the defendant on the demurrer, that the agreement is without consideration and void, it may be replied, that by the statute (Code, section 975), all contracts in writing, signed by the party to the bond, his agent or attorney, import a consideration, in the same manner as sealed instruments did at the time of the adoption of the Code; and by the act of January 25, 1839, it was provided that any instrument under seal, was to be deemed valid and binding, according to the fair intent and meaning thereof, in all cases not otherwise declared by express statute, and unless the execution thereof shall have been obtained by fraud, or for an unlawful purpose.   Rev. Stat. 1843, 104.   At common law, a contract under seal was valid, without reference to the limitation, the seal implying, of itself, a consideration.   When not under seal, the law did not, as a general rule, imply a consideration from the fact that the agreement was in writing; and except in the case of mercantile negotiable paper, it was as necessary to prove a consideration, as if the contract were oral only.   1 Parsons on Contracts, 355 and 496; *Dodge* v. *Burdell*, 13 Conn., 170; *Cutler* v. *Everett*, 33 Maine, 201.

The agreement in this case being in writing, a sufficient consideration is to be presumed, in the same manner, as it would have been presumed at common law, in an action on an instrument under seal.   The objection that no consideration is shown upon the face of the instrument,

or that none is averred by the plaintiffs in their petition, cannot be taken upon demurrer. The want of consideration, or the failure, in whole or in part, of the consideration of any written contract, must be averred and shown by way of defence. Code, sec. 976. The defendant, Lake, was already bound to the plaintiffs by the covenants of his deeds of conveyance to them, to discharge all incumbrances upon the land. His liability to plaintiffs upon these covenants, ought to be considered a sufficient consideration for his present undertaking. His co-defendant, Clark, must be considered in the light of a surety for the faithful performance of his agreement.

III. The question whether the contract, as to the obligees, is joint or several, or both joint and several, is one of no little difficulty. This difficulty arises, not less from the unusual nature of the agreement, than from the still more unusual form in which it is expressed. As the obligees in the contract, are not expressly named, but may be inferred from the circumstances—the situation and relation of the parties, we think it may also be inferred, that the agreement was joint as to the obligees. We should, at least, feel great difficulty in deciding, that it was not such an agreement as might be sued on in the names of the plaintiffs jointly. The damages to be recovered, (if any damages can be recovered), upon it, may be a gross sum, to be divided between those entitled to it. There is nothing inconsistent in the plaintiffs taking an obligation to themselves jointly, to secure their several demands. In such cases the interest of the obligees is joint. A joint obligation and right, may co-exist with a several obligation, or right; for there may arise from the same contract, one joint duty to all, and also several joint duties to each of the parties. 1 Parsons on Contracts, 20. The action is not brought to recover damages for a breach of the covenants of warranty in the deeds of conveyance from Lake to the plaintiffs, but for the breach of the defendants written agreement, to have the lands conveyed to plaintiffs released from the lien of the mortgage. The cove-

nant appears to us to be single in its nature, though intended to secure several interests; and, we think, was properly sued on in the names of the plaintiffs jointly. Whether the plaintiffs may not have sued on the same severally, it is not now necessary to determine.

IV. Under the fourth cause assigned for demurrer, the defendants claim that it is not averred or shown by the petition, that plaintiffs have sustained any damage by the non-performance of their agreement by defendants. In actions on penal bonds, the plaintiff must set forth the breaches, and the judgment rendered thereon must be for the actual damages only. Code, section 1888. It is not alleged in this case, what damages, if any, the plaintiffs have sustained by reason of the non-performance of defendants. It is not shown that they have been required to pay any sum or sums of money, to release the lands from the lien of the mortgage, nor that they have been in any manner evicted of the premises. The plaintiffs cannot recover the penalty mentioned in the agreement, nor, indeed, any sum more than nominal, until some damage is averred and shown. *Funk* v. *Creswell*, 5 Iowa, 62.

The judgment of the district court, sustaining the demurrer, will be reversed, and the cause remanded, with leave to plaintiffs to amend their petition.