## GOODPASTER v. PORTER AND COURTNEY.

1. MUTUALITY. In a contract relating to the sale of real estate, the obligors bound themselves to pay to the obligee a certain sum, by a day named, for said real estate, if the said obligee should elect to sell the same, *Held*, that after an election by the obligee in accordance with the terms of the agreement, the contract could not be avoided for want of mutuality.

2. PLEADING: FAILURE OF CONSIDERATION. An objection to a petition in an action upon an instrument in writing, on the ground that it is not alleged or shown either in the petition or writing that it is sustained by a sufficient consideration, can not be taken by demurrer. It must be averred and shown by way of defense.

3. SURPLUSAGE. Allegations in a petition which do not form a basis for plaintiff's prayer for relief, and could be properly stricken therefrom as surplusage, cannot operate to vitiate the action.

4. MEASURE OF DAMAGES. Where an obligor in a contract agreed to pay a price fixed on a day named for certain real estate if the obligee should elect to sell the same; the obligee, upon electing to sell, was entitled to recover the price named in the contract, without regard to the value of the land at the time of such election.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 9.

THE foundation of this action is the following instrument in writing:

"In consideration of a sale this day made by Henry Courtney to Levi Goodpaster, of the following described property, viz: (describing a section of land as being in *R.* 84, *T.* 28) for which the said Goodpaster has paid the said Henry Courtney the sum of two thousand dollars; Now we, the undersigned, in order to induce the said Levi Goodpaster to purchase the above described property, do hereby guarantee to said Goodpaster or his assigns that said property will be worth twenty-eight hundred dollars on the 30th day of November, 1857. And we further bind ourselves to pay to the said Goodpaster the sum of $2800 for said property, on the 30th November, 1857, if the said Goodpaster should elect to sell said property at that time. This

WILL PORTER,
HENRY COURTNEY."

Plaintiff declares for the $2800, the contract value of the land, and alleges that on the 28th of November, 1857, he elected to take said sum, and tendered to said defendants a good and sufficient deed for said premises, and demanded said sum, but that said defendants neglected and refused, &c. The petition also avers that the correct description of the land sold was not given in said agreement; that the parts of sections were correctly stated, but that the *Town*, was 84, and the *Range* 28, and not *T.* 28, *R.* 84. To the petition there was a demurrer, which was overruled as to the second count and sustained as to the first. Trial before the court, judgment for plaintiff, and defendants appeal.

*John Mitchell* and *C. C. Cole* for the appellants. 1. The contract is void for want of mutuality. Will. Eq. 267; 6 Paige 288; 2 Barb. S. C. 439; 4 Maine 92; 4 McLean 19; 6 Ohio 135; 1 John Ch. 273; 1 Harrington Ch. 120; 12 Barb. S. C. 502; *Tucker* v. *Woods*, 12 John 190; Chitty Cont. 15–18; Story Cont. 447–8, 301–2; 12 How. (U. S.) 126. 2. The contract as to Porter is void because unsupported by a consideration. 4 John 235; Chitty Cont. (8th ed.) 45, and the authorities there cited. 3. All that plaintiff could recover in any action at law would be the difference between the value of the land at the time he elected to sell, and the amount defendants agreed to pay him for the same. 2 New Hamp. 131. 4. Plaintiff cannot have his contract reformed in an action at law.

*Casady, Crocker & Polk* for the appellee.

An offer to sell, with a given time within which the party to whom the offer is made may accept, is binding if the offer is accepted within the time. Story Cont. 373, section 382; *Brooks* v. *Ball*, 18 John. 337; *Train* v. *Gold*, 5 Pick. 384; *Limerick Academy* v. *Davis*, 11 Mass. 113; Story on Bail. section 137. A contract may be optional, as to its enforcement, with one party and not with the other.

3 John. C. 81; *Smith* v. *Sanborn*, 11 John. 59; *Peck* v. *Hubbard*, 11 Verm. 612; Chitty Cont. 729 note 2; *Giles* v. *Bradley*, 2 John. C. 253.

WRIGHT, J.—While it appears that the parties submitted the cause to the court, there is nothing to show that defendants, or either of them, ever answered; or that there were any pleadings in the cause subsequent to the demurrer of Porter, of the 14th of March, 1859. We infer from what is contained in the motion for a new trial, that an issue of fact was made up and that testimony was introduced. But what this issue was, or what testimony was introduced, we have no means of knowing. Much that is said, therefore, in the argument of counsel for appellant, finds no support in the record and we need not therefore further refer to it.

We are left then to examine the case upon the sufficiency of the petition, (treating the written agreement as part of it,) taken as true, as far as well pleaded, to entitle the plaintiff to recover. And here appellant makes several points which may be noticed briefly in their order.

It is said that this contract was not binding for want of mutuality. A contract includes a concurrence of intention in two parties, one of whom promises something to the other, who on his part accepts such promise. Hence consent or acceptance is indispensible to the validity of every contract; for as A cannot, by the mere act of his mind, transfer to B a right in property without a concurrent intention on his part to accept it, neither can A by his promise confer a right against himself until B has, by his acceptance of it, concurred in the intention of acquiring such right. But if A promises B to pay him a sum of money if he will do a particular act, and B does the act, the promise thereupon becomes binding, although B at the time of the promise does not engage to do the act. "In the intermediate time," says WILDE, J., in *Train* v. *Gold*, 5 Pick, 380, "the obligation of the contract or promise is suspended; for until the performance of the conditions of the promise there is no

consideration, and the promise is *nudum pactum;* but on the performance of the condition by the promisee, it is clothed with a valid consideration which relates back to the promise, and it then becomes obligatory." While there can be no contract without the consent of all the parties to it, it is not necessary that their wills should concur at the same instant· *Moore* v. *Pierson, et al,* 6 Iowa 279; and see *Attix Noyes & Co.* v. *Pelan & Anderson,* 5 Ib. 336.

In the case before us there is an express undertaking on the part of defendants to pay $2800 for the land at a fixed time, if plaintiff should then elect to sell it. He avers that he did elect to sell, tendered the deed and demanded the contract price. Plaintiff then performed the condition. Defendants' promise had not been revoked. By the acceptance of the contract and the election to sell, the promise of defendants was clothed with a good consideration, which, in the language of the books, related back to the promise and become obligatory. See *Cheney* v. *Smith,* 3 Humph. 19; *Mactier* v. *Frith,* 6 Wend. 103.

Any point made as to the want of consideration is answered by the two cases of *Linder* v. *Lake,* 6 Iowa 167, and *Towsley* v. *Olds,* Ib. 526, where it is held that the objection that no consideration is shown upon the face of the instrument, or that none is averred by plaintiff in his petition, cannot be taken by demurrer. The want or failure of consideration must be averred and shown by way of defense; the action being upon a written contract.

It is further urged that plaintiff seeks to reform a contract, and have it specifically performed; and that this can not be done at law. If the premises were correct, the conclusion would be undeniable. We understand the petition to declare simply for the price and value of certain real estate sold by plaintiff to defendants, such price being fixed by the terms of the contract. That a promisee or obligee may sue at law, to recover such price, we suppose there is no doubt. The fact that he has added to his petition an averment that the agreement mis-described the land can make

-no difference. He asks no relief consequent upon the aver-
ment, and for all practical purposes it had as well not be
there, or being there, may be rejected as surplusage. That
there was a mistake was patent to the comprehension of any
person, and that plaintiff made the averment, unnecessarily,
in his petition, without asking a reformation of the contract,
can not have the effect of so vitiating it in the particular
complained of, as to defeat his action.

When the plaintiff elected to sell, he had a right to insist
that defendants should take the land and to claim, as the
measure of his damages, the agreed or contract price. And
in this view it could make no difference what was the value
of the land at the time of such election. He was not left to
take as his damages the difference between the actual value
of the land at that time and the price agreed to be paid.
The contract being valid, his rights were the same as under
any other contract of sale, where there is an agreement to
convey on one side and to pay for the land on the other.

Judgment affirmed.