## HENDERSON V. BOOTH.

1. PLEADINGS: AVERMENT OF CONSIDERATION. It is not necessary, in an action on a written contract of guaranty, to allege in the petition a sufficient consideration. Every contract in writing imports a consideration.

2. SAME: GUARANTY. In an action on a written contract of guaranty, against the guarantor, it is not necessary to allege in the petition reasonable notice to the defendant of the principal's failure to discharge the liability.

1. See *Grapengether* v. *Fejervary*, 9 Iowa 163.

Henderson v. Booth.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 18.

*John L. Harvey* for the appellant; as to the first ground of demurrer, cited Code of 1851, section 975; *Linder* v. *Lake*, 6 Iowa 164; *Towsley* v. *Olds*, Ib. 526; as to the second ground, *Brown* v. *Curtis*, 2 Cow. 225; *Morris* v. *Wadsworth*, 11 Wend. 100; *Compton* v. *McNair*, 1 Wend. 457; *Allen* v. *Rightmere*, 20 John. 365; *Douglas* v. *Howland*, 24 Wend. 35; 3 Kent Com. 124 (marginal;) *Farmers & Mechanics Bank* v. *Kercheval*, 2 Mich. 505; *Williams* v. *Granger*, 4 Day 444; *Breed* v. *Hillhouse*, 7 Conn. 523; *Blanchard* v. *Wood*, 26 Maine 358; *Read, et al*, v. *Cutts*, 7 Greenl. (Me.) 186; *Train & Co.* v. *Jones*, 11 Verm. 444; *Union Bank* v. *Caster*, 1 Sand. S. C. 563; *Cobb* v. *Little*, 2 Greenl. (Me.) 261; *Lane* v. *Levillian*, 4 Arkansas (Pike) 76; *Brown* v. *Curtis*, 2 Com. 225, *McDougal* v. *Calef*, 34 N. H. 534.

*Barker, Chapline, Barney & Dillon* for the appellee.

Lowe, C. J.—The plaintiff brought this suit upon the following instrument:

$113,60.          DUBUQUE, IOWA, November 27th, 1858.

Upon settlement made this day, between William Yewey and Henderson, for boarding said Yewey, there appears a balance due Henderson, of one hundred and thirteen 60–100 dollars, the payment of which sum I hereby guaranty.

C. H. BOOTH.

The petition which makes this written guaranty the foundation of the action, was demurred to, the demurrer sustained and judgment rendered for the defendant. This ruling of the court is assigned for error.

The causes set down for demurrer, though five in number, are comprehended under two general ideas or assignments:

1. It does not appear, from the face of the instrument, or by averment in the petition, that there was any consideration to support the guaranty.

2. The petition contains no averment of a reasonable notice being given to the defendant that Yewey, the principal, had failed to pay the liability.

The first ground of demurrer, we suppose, had its origin in the common law notion, that an undertaking to pay the past debt of another, without more, that is, forbearance or other consideration, to support the promise, was not binding or effectual in law. But it is submitted that this objection is fully answered by section 975 of the Code, which says, "that all contracts in writing, signed by the party to be bound, shall import a consideration in the same manner as sealed instruments now do." See also, *Linder* v. *Lake*, 6 Iowa 164; *Towsley* v. *Olds*, Ib. 526; *Blake* v. *Blake*, 7 Iowa 46.

The second ground of demurrer assumes that it is necessary, upon a contract of guaranty of the above description, to aver in the petition a demand and notice of non-payment to the guarantor, before his liability can attach. The Code, section 956, in effect also answers this objection. If an assignor of a non-negotiable instrument is liable to an action by his assignee, *without notice*, we suppose *a fortiori*, a guarantor should be, who had bound himself, not by a negotiable instrument but by an absolute agreement to pay the plaintiff a fixed sum, without conditions. It is therefore unnecessary to aver that which you are not required to prove. 21 Wend. 35; 3 Kent. 124, marginal; 2 Comstock 225; 3 Comstock 203.

Judgment reversed and cause remanded.