## TRUSTEES OF NORTH-WESTERN COLLEGE v. SCHWAGLER.

1. **Corporation:** CHANGE OF NAME: RIGHT OF ACTION. Where by act of the legislature the name of a corporation is changed, and by its new name it is made the successor of all the liabilities, choses and assets of the former one, it may maintain an action on a promissory note executed to the corporation by the old name, without such note being indorsed.

2. —— Nor is such change of name any defense when all the rights of the maker of the note are preserved.

### *Appeal from Dubuque District Court.*

### THURSDAY, DECEMBER 11.

THIS action is founded on an instrument of writing as follows :

"$100.                    DUBUQUE, IOWA, *Nov.* 12, 1863.

"For value received I promise to pay to the trustees of Plainfield College, or order, the sum of one hundred dollars, with an annual interest at six per cent on the whole amount unpaid.

"*Twenty-five dollars* of this note shall be due, with interest on the whole amount unpaid, June 1st, A. D. 1864, the balance to be paid in three equal installments, viz. : the first in three years, the second in six years, and the third in nine years, with interest on the whole amount unpaid when the endowment fund shall have been pledged. A further condition of this note is that if the interest be not paid each year in advance on the whole amount unpaid, the principal shall be due, and if not collectible, then the certificate of scholarship to be null and void.

A *further* condition is *that* at the time of the first payment with interest on the whole amount unpaid be made, the signer shall receive one certificate of scholarship entitling him or his order to twenty years' tuition in said college, subject to the conditions specified in said certificate.

"JOHN SCHWAGLER."

It is alleged in the petition that it is a corporation, duly created such by a special act of the legislature of the State of Illinois, by which it is constituted the legal successor of Plainfield College theretofore incorporated under the general laws of that State; that by said special act incorporating the plaintiff, it became and is the owner and holder of the instrument sued on, which, it is alleged, is wholly due and unpaid. A copy of the act of incorporation is annexed to the petition.

The defendant in answer, *first*, admits the making of the instrument sued on; *second*, avers that the same was made without consideration received by him, and that the plaintiffs paid no consideration therefor; *third*, that the plaintiffs are not the owners of the same; *fourth*, that the Plainfield College had been dissolved and abandoned and has not existed since 1865; *fifth*, that said writing was obtained from the defendant by the agents of Plainfield College falsely and fraudulently representing to him that the instrument he was about to sign would not bind him to pay money, but was simply a recommendation of the college to the favor of others, that the defendant could not read the English language, and relying on said representations, signed said instrument sued on.

The cause was tried to a jury, who rendered a general verdict for the plaintiff for $118, and also returned the following special verdict:

"1st. Did Schwagler sign said paper believing that it was a recommendation for the Plainfield College?

"*Ans.* — No.

"2d. Did Schwagler write his name at the request of the agent of Plainfield College, believing he was signing a promissory note for a scholarship to said college?

"*Ans.* — Yes.

"3d. Did the Rev. Mr. Tobias or Stromyer, in taking the note from the defendant, falsely and fraudulently, and with intent to mislead the defendant, represent in substance that the words of the note would read simply as a recommendation of the college?

"*Ans.* — No.

" 4th. Did Schwagler, when asked to take a scholarship in said college, refuse to do so, and did the agent ask him to sign his name to show to other persons or a recommendation of said college ?

" *Ans.* — No."

The court overruled defendant's motion for a new trial and rendered judgment for the plaintiff, from which defendant appeals.

*Smith, Fouke & Chapin* for the appellant.

*G. C. Longueville* and *Austin Adams* for the appellees.

MILLER, J. — I. The special verdict of the jury finds the issue, in regard to the alleged fraud in the inception of the note, against the defendant. Appellant's counsel insist, however, that these findings are not supported by the evidence ; that the testimony of the defendant, and that of his wife, on this point is not contradicted. We think that, taking the testimony of the defendant alone, the jury were fully warranted in finding as they did on this branch of the case.

II. It is next insisted, that the note being payable to the trustees of Plainfield College, or order, and not assigned or indorsed by them, the plaintiffs have no title to the cause of action. The holder, without indorsement, of a promissory note, payable to the order of the payee, may maintain an action thereon in his own name. *Younker* v. *Martin,* 18 Iowa, 143. In such case, if the plaintiff is the real party in interest, he may maintain the action. *Cottle* v. *Cole & Cole,* 20 id. 485. The sixth section of the act incorporating the plaintiff provides that " the institution incorporated under the general law, and entitled Plainfield College, of the Evangelical Association of North America, shall be named and styled henceforth by this act as North-western College of the Evangelical Association of North America ; and all liabilities of the institution on the date of this act, in the name of the general agent or trustees of Plainfield College, shall be met by the

treasurer of North-western College; and all money due the institution, whether by promissory notes and scholarships or otherwise, in the name of the general agent or trustees of Plainfield College, shall be payable to the treasurer of North-western College."

The fourteenth section of the act legalizes and confirms the acts and proceedings of Plainfield College, and all bargains and contracts, either of the trustees or their agents or officers, and "all subscriptions obtained to the stock of said corporation are confirmed, and made as binding on all parties interested as if said bargains, contracts, subscriptions, and other acts, had been made after the passage of this act; and the individuals designated in the first section of this act are hereby constituted the successors to the board heretofore organized under the general law, and authorized and required to take the full and entire management of all things pertaining to the future maintenance and support of said institution."

The note sued on was made payable to the trustees of Plainfield College, or their order. Under the act of the legislature of the State of Illinois above quoted from, the name of that institution is changed to that of North-western College, etc., and the institution, by its new name, is made liable for all of the debts, and becomes the owner and holder, and entitled to collect all the claims due to the institution under the former name. The plaintiffs, the trustees of the corporation under its new name, are the successors of the payees in the note executed by the defendant. By this legislation the plaintiffs became not only the real parties in interest, but were invested with the legal title to the cause of action sued on, and their right to sue thereon is unquestionable. *Cottle* v. *Cole & Cole*, *supra*.

The special act of the legislature changes the name of the corporation to which the defendant made his note, and from which, by the terms thereof, he was to receive a scholarship in that institution. By this change of name none of the defendant's rights, as specified in the note, are in any manner abridged. He is entitled, upon payment as there stipulated,

to a certificate of scholarship in the college, by its new name, on the same terms as if the name had not been changed, and the fact that a certificate of scholarship by the former name of the institution cannot be furnished to him is no defense to the action, since the institution, by its new name, can furnish him such certificate. Nor is the fact that the defendant did not consent to the change of the name of the corporation any defense to the action, so long as his rights under the contract are preserved.

The instrument sued on imports a consideration by being in writing. *Linder* v. *Lake*, 6 Iowa, 164; Revision of 1860, § 1824; Code of 1851, § 975. Not only so, it shows on its face affirmatively that the consideration for which it was executed was a certificate of scholarship, entitling him, or his order, to twenty years' tuition in the college, and the jury find specially that when the defendant executed the instrument, he believed he was signing a note for such scholarship. It is, therefore, effectually shown that there was a good consideration for the instrument sued on.

What has been said answers substantially all of the alleged errors which are urged in argument by appellant. We have carefully examined and considered the questions presented and find no error in the record. The judgment of the district court will be

Affirmed.