JACOB KENIGSBERG, Plaintiff, Appellee, v. U. G. REININGER, Defendant, Appellant.

**Corporations:** . SALE OF STOCK: GUARANTY AGAINST LOSS. Where an officer of a corporation personally guaranteed that a purchaser of stock would lose nothing thereon for a term of years, which was an inducement to the purchase of the stock, the guaranty amounted to a contract of indemnity.

**Same:** CONTRACT OF INDEMNITY: CONSTRUCTION. Where the subject of a contract is called in question, or where there is doubt or ambiguity concerning the subject matter, the court, in construing the same, will consider all the facts and circumstances attending the transaction. Thus where an officer of a corporation contracted to indemnify a purchaser of stock against loss within a specified time, the facts concerning the transaction are held to show that the indemnity had relation to the stock in question, and that upon the insolvency of the corporation within the specified time the officer was liable for the loss.

**Same:** CONSIDERATION: PLEADING. Where one purchased corporate stock in pursuance of the agreement of an officer to indemnify him against loss, the purchase of the stock was a sufficient consideration for ·the contract of indemnity. Moreover the contract of indemnity being in writing a consideration is implied; and for the same reason the consideration need not be alleged in an action upon the contract.

**Same:** PLEADINGS: CONCLUSION. Where the plaintiff alleged that defendant, an officer of the corporation, proposed that he should purchase stock and that defendant would indemnify him against loss, all of which was done, and at plaintiff's request the stock was issued by defendant, as secretary of the corporation, in the name of plaintiff's wife, the allegation that plaintiff was and is the owner ·of the stock was not objectionable as a conclusion.

*Appeal from Shenandoah District Court.*—HON. GEO. H.
CASTLE, Judge.

WEDNESDAY, MAY 14, 1913.

ACTION on an agreement of indemnity against loss in the
purchase of certain certificates of stock. Demurrer to peti-
tion overruled. Judgment for plaintiff, and defendant
appeals.—*Affirmed.*

*Earl R. Ferguson* and *C. R. Barnes,* for appellant.

*Denver L. Wilson* and *Thos. W. Keenan,* for appellee.

GAYNOR, J.—On the 1st day of January, 1912, plaintiff
filed his petition in the superior court of Shenandoah, Iowa,
alleging, among other things: That during the winter of
1904 and 1905 defendant solicited him to purchase stock in
the corporation then being organized by this defendant, and
known as the O'Brien Wagon Works. That the defendant
proposed to the plaintiff that, if he would purchase two pre-
ferred shares of stock in said corporation, he (defendant),
as a part consideration therefor, would guarantee this plaintiff
against loss on said stock for a period of five years from the
date of the issuance of the stock. That in pursuance thereof
the plaintiff agreed to and did subscribe for two shares of
stock in the O'Brien Wagon Works of the face value of $100,
and paid therefor the sum of $200. That the certificate for
the stock so purchased was, at the direction of the plaintiff,
issued in the name of plaintiff's wife. That the certificate
so issued to her represented the stock referred to in defend-
ant's guaranty. That said stock was at all times the property
of the plaintiff. That on the 6th day of April, 1908, the
plaintiff's wife, Mrs. J. Kenigsberg, made a formal assign-
ment of said stock to said plaintiff on the back of the certificate
issued therefor. That the certificate of stock and the assign-

ment thereof on the back and defendant's guaranty are attached to the petition as exhibits. That said stock has always been and is now the property of the plaintiff. That, after the formal assignment of said stock by plaintiff's wife to him, plaintiff requested the defendant, who was secretary and manager of the said company, to transfer the same to plaintiff's name on the books of the corporation. That said request was never granted; the defendant saying that it was not necessary to have the stock transferred on the books. That thereafter the said wagon works was thrown into the hands of a receiver, and the said defendant appointed to administer its affairs. That said corporation was found to be wholly insolvent. That the assets of said corporation were taken to pay the indebtedness against the corporation, and only 3 per cent. was left to pay unsecured claims. That said corporation has no property and is entirely out of business, and the stock referred to in defendant's guaranty is wholly worthless, and plaintiff has demanded reimbursement from the defendant, and has been refused. That plaintiff has been damaged, by reason thereof, in the sum of $200, with 6 per cent. interest from March, 1908.

The stock referred to in the petition is as follows: "Incorporated under the laws of Iowa. Number 25. 2 Shares. O'Brien Wagon Works. Capital Stock, $100,000. This certifies that Mrs. J. Kenigsberg is the owner of two shares of one hundred dollars each of the preferred capital stock of the O'Brien Wagon Works, fully paid and nonassessable, transferable only on the books of the corporation in person, or by attorney on surrender of this certificate. In witness whereof the duly authorized officers of this corporation have hereunto subscribed their names and caused the corporate seal to be hereto affixed at Shenandoah, Iowa, this 13th day of March, A. D. 1905. Wm. S. O'Brien, President. U. G. Reininger, Secretary. [Seal.]"

The indorsement on the back was as follows: Indorsement on back thereof: "For value received I hereby sell,

transfer and assign to Jacob Kenigsberg, the shares of stock within mentioned and hereby authorize  .  .  .  to make the necessary transfer on the books of the corporation.  Witness my hand and seal this sixth day of April, 1908.  Witnessed by Mrs. J. Kenigsberg.''

The guaranty referred to in petition was as follows:— ''The undersigned hereby personally guarantees Jacob Kenigsberg against loss on a two-share certificate of Preferred Stock in the O'Brien Wagon Works within five years from date of its issuance.  U. G. Reininger.''

To plaintiff's petition, the defendant filed the following demurrer:

(1) That it does not state a cause of action against the defendant.

(2) That said petition fails to connect or assert any legal liability against the defendant and in favor of the plaintiff.

(3) That said petition, on its face, shows a misjoinder of parties.

(4) That, if the facts set forth and alleged in said petition were proved, no legal liability would be due from the defendant to the plaintiff.

And on the 4th day of April, 1912, by leave of court, defendant filed his amendment to demurrer, which was as follows:

Comes now the defendant and for his amendment to the demurrer, heretofore filed herein, states:

(1) That on the face of said petition it shows that there has been a change of ownership of the stock without consent of the alleged guarantor, thereby waiving all claims for liability upon this defendant.

(2) For the further reason that the terms of said guaranty were not carried out nor executed; the stock having failed to be taken by and issued to the said Jacob Kenigsberg.

(3) That said alleged contract of guaranty is null, void, and of no effect for the reason, as stated in said petition, that the stock alleged to have been guaranteed was never in fact

taken by said Jacob Kenigsberg in his name, and if it was taken as alleged to his petition, and placed in his wife's name, such was without notice to this defendant, and is a violation of the terms of said guaranty, and waives all right of claim upon the said defendants as such guarantor as alleged in said petition.

(4) That said alleged contract of guaranty made by the defendant is indefinite, uncertain, without consideration, not dated, no venue stated, no stock described nor identified, and does not constitute a legal and valid contract or guaranty.

(5) The defendant further demurs to the petition of the plaintiff for the reason that it shows conclusively that no stock was ever issued to the said Jacob Kenigsberg, with knowledge to this defendant, under and pursuant to the alleged contract of guaranty.

(6) That the rules whereby a guaranty can be held have been so violated, altered, modified and changed, as set forth in plaintiff's petition, that the said defendant cannot be held liable or responsible to this plaintiff for the reason that said guaranty alleged to have been made on or about the time the alleged stock was issued did not run to him, but run to another, and retained by her for about three years, and then transferred to this plaintiff by formal assignment on the back thereof, and not upon the books of the corporation purporting to have issued said stock, thereby discharging the defendant from all liability as such guarantor.

The demurrer admits all facts alleged in the petition, which are well pleaded. The following facts, therefore, must be taken as true: First. That in 1904 and 1905 the defendant was organizing a corporation to be known as the O'Brien Wagon Works. That about said time he solicited the plaintiff to purchase stock in said corporation. That he proposed to the plaintiff that, if he would purchase two preferred shares of stock in said corporation so to be organized by him, he would guarantee the plaintiff against any loss on the stock so purchased, for a period of five years, from the date of the issuance of the stock. That in pursuance of said offer of guaranty the plaintiff did purchase two shares of preferred stock in the O'Brien Wagon Works of the face value of $100

each. That the plaintiff paid for the shares of stock so purchased the sum of $200. That the defendant was secretary and manager of said corporation after its organization. That the defendant, as such secretary, issued the stock purchased by the plaintiff and certified to the same as secretary of the company. That at the request of the plaintiff the certificate was issued for the stock so purchased by the plaintiff in the name of the plaintiff's wife. That the plaintiff was at all times the owner of the stock after it was issued, and was the owner at the time the suit was commenced. That, because of the fact that the certificate for the stock so purchased by the plaintiff was issued in the name of his wife, she subsequently made a formal assignment of it to him. That, after the formal assignment of the stock to the plaintiff, he requested the defendant (being still secretary of said company) to transfer the same to the plaintiff's name on the books of the corporation. That the defendant, as secretary, said that it was not necessary, and the stock was never transferred on the books to the plaintiff. That subsequently said stock became wholly worthless. That plaintiff has demanded reimbursement from the defendant and the defendant has refused. The question now is, Do the facts so admitted entitle the plaintiff to recover?

The contract of indemnity, upon which plaintiff relies, is not dated; nor does it appear when the same was executed. The presumption, however, is (nothing to the contrary appearing) that it was executed at the time the

1. CORPORA-
TIONS : sale of
stock : guar-
anty against
loss.

stock certificates were issued and in consideration of such purchase by the plaintiff. The contract relied upon is clearly a contract of indemnity. It does not appear that the plaintiff purchased any other stock. It does not appear that the plaintiff solicited him to purchase any other stock. It does appear, from the facts stated, that the plaintiff purchased this particular stock in pursuance of defendant's solicitation, and in reliance upon the written promise of indemnity in question.

The facts stated show that the defendant solicited the plaintiff to purchase two shares of preferred stock, and that the plaintiff did purchase two shares of prefererd stock and paid therefor the sum of $200. It shows that the certificates issued were issued to represent the stock purchased by the plaintiff from the defendant. It appears that it was issued by the defendant as secretary of the company. It appears that it was put in the plaintiff's wife's name at plaintiff's request—all of which the secretary surely had notice.

2. SAME: contract of indemnity: construction.

The fact that the defendant solicited the plaintiff to purchase two shares of preferred stock, that he proposed, as an inducement to the purchase, that he would indemnify the plaintiff against loss on said stock, that he gave plaintiff a written instrument indemnifying him against loss, has strong probative force to our minds that the stock solicited is the stock purchased and the stock on which the plaintiff is indemnified against loss; and we think that the thought suggested by counsel that the written indemnity was given to secure against loss other than this is born of the exigencies of the case. In construing any contract, it is the duty of the court, when controversies arise, to take into consideration all the facts and circumstances attending the matter, especially when the subject-matter of the contract is called in question and where there is any doubt or any ambiguity as to the subject-matter of the contract. Adopting this rule, we see no escape from the conclusion that the written article of indemnity, signed by this defendant and relied on in this case, had relationship to and was made in pursuance of the solicitation to purchase stock, the purchase of this stock by the plaintiff, the issuance of the certificates to represent this stock, and that it was so understood by the parties to the suit at the time.

It will be noticed that, at the time the defendant solicited the purchase, the guaranty was promised and was to be given to indemnify the plaintiff against loss on stock actually pur-

chased from the defendant in said wagon company. It will be noticed that the plaintiff did purchase stock and that he purchased it in pursuance of and in reliance upon the promise of indemnity. If no stock had been purchased by the plaintiff from the defendant as defendant now argues, there would be no occasion for making this writing of indemnity. Therefore, the defendant must have understood when this stock was issued that it was the stock referred to in his agreement of indemnity. We say this because of the argument which has been made by counsel for the appellant, wherein he says that the proposal of the defendant to indemnify was only a proposal which was never accepted by the plaintiff; that it was a mere offer by defendant, which was never accepted by the plaintiff; and we assume that this argument is predicated on the thought that, the certificate having been issued to the wife at the plaintiff's request, the plaintiff had done nothing that would entitle him to the guaranty or which could be held as a consideration therefor.

The purchase of the stock by the plaintiff was a sufficient consideration for the making of the written indemnity in question. It will be noticed, from the written guaranty, that the defendant proposes to and does guarantee 3. SAME: consideration: pleading. the plaintiff against loss "on a two-share certificate of preferred stock," and, as it appears that plaintiff purchased "a two-share certificate of preferred stock," this guaranty must have relationship to the "two-share certificate of stock" purchased by the plaintiff. Otherwise, why was the guaranty given? It will be noticed that the proposal to guarantee was contemporaneous with the request of purchase, for the petition reads: "That the defendant proposed to the plaintiff that, if he would purchase two shares of preferred stock, the defendant, as part consideration therefor, would guarantee him against loss on the stock so purchased." It will be noticed that the petition, in substance, says that, in pursuance of said proposal and promise of indemnity, the plaintiff did pur-

chase two shares of stock. We hold, therefore, that the purchase by the plaintiff was a consideration for the promise of indemnity; that the purchase was a part of the consideration of the promise of indemnity; that this is sufficient consideration. See *Marr v. Burlington,* 121 Iowa, 117; *Mail & Times v. Marks,* 125 Iowa, 662; *Fishbaugh v. Spunaugle,* 118 Iowa, 337; *Harlan v. Harlan,* 102 Iowa, 701; *Marshalltown, etc., v. Des Moines,* 114 Iowa, 574; *Gordon v. Dalby,* 30 Iowa, 223; *Handrahan v. O'Regan,* 45 Iowa, 298; *Carraher v. Allen,* 112 Iowa, 168; *Blake v. Blake,* 7 Iowa, 46.

Furthermore, the promise of indemnity, being in writing, implies a consideration for its execution. A consideration is implied in a written contract. See *Sabin v. Harris,* 12 Iowa, 87; *Cone v. Cone,* 118 Iowa, 458; *Arnold v. Kreutzer,* 67 Iowa, 214; *Jones v. Berryhill,* 25 Iowa, 289, 297; *Goodpaster v. Porter,* 11 Iowa, 161; *First M. E. Church v. Donnell,* 95 Iowa, 494; *Peddicord v. Whittam,* 9 Iowa 471.

The contract of indemnity being in writing, it is not necessary that a consideration be alleged in the pleading for the reason above stated. See *Linder v. Lake,* 6 Iowa, 164; *Towsley v. Olds,* 6 Iowa, 526; *Goodpaster v. Porter,* 11 Iowa, 161; *Henderson v. Booth,* 11 Iowa, 212; *State v. Wright,* 37 Iowa, 522.

It is claimed, however, that the allegation in the petition "that the plaintiff was and is the owner of the stock purchased," and therefore suffered loss by the failure of the corporation, is the pleading of a conclusion

4. SAME: pleadings: conclusion.

rather than an ultimate fact; but, when taken into consideration with the other facts alleged, we think it sufficient on demurrer. When taken in connection with the fact that the defendant requested the plaintiff to purchase, that he promised to give him indemnity against loss, if he would purchase, the fact that he did purchase and pay for the stock, that the stock was issued at his request, and the fact that the promise of indemnity was reduced to writing

by the defendant and delivered to the plaintiff sufficiently supports the conclusion (if it be a conclusion) that he was the owner of the stock, notwithstanding the certificate, which is only evidence of the ownership, was by his request issued to his wife and supports a conclusion that the defendant recognized the plaintiff as the owner of the stock. The promise of indemnity was only made and was only to be given in the event the plaintiff purchased two shares of preferred stock and, if it were not understood by the parties, at the time of this purchase, that these were the shares of stock referred to in the promise, no indemnity would have been given.

There are other questions argued in the case to which we make no reference for the reason that, under the record, they are not in the case for discussion.

We find no error in the action of the court in overruling the demurrer, and the judgment is therefore *Affirmed.*