FRANK VRBA, Appellee, v. FRANK KRALL, Appellant.

EVIDENCE: Opinion Evidence—Value of Shares of Stock. No very elaborate foundation need be laid in order to qualify the buyer of stock in what was subsequently found to be a failing concern to testify to its value.

TENDER: Excusable Failure to Tender. No tender need be made of a thing which the party demanding tender unqualifiedly refuses to receive.

CONTRACTS: Performance or Breach—Unnecessary Demand for Performance. No demand for performance need be made when the party pointing out the want of such demand unqualifiedly refuses to perform.

PLEADING: Waiver—Demand for Performance. Failure to plead a demand for performance of a contract should not be raised for the first time in a motion to arrest judgment.

TRIAL: Instructions—Failure to Except. Total failure to explain why exceptions to instructions were not made before the instructions were given is fatal to the consideration of the exceptions. (Sec. 3705-a, Code Supp., 1913, now repealed.)

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

DECEMBER 16, 1919.

PLAINTIFF declares that he was induced to buy corporation stock by the promise of the defendant that defendant would rebuy the same if plaintiff became dissatisfied with the stock. He alleges he did become dissatisfied, and that defendant refused to repurchase. He has judgment and verdict for the amount paid the defendant, with interest. Defendant appeals.—*Affirmed.*

*Milton Remley,* for appellant.

*Dawley, Jordan & Dawley,* for appellee.

SALINGER, J.—I. The case of the plaintiff became one to recover a sum of money he had paid for certain shares of stock in a hardware company which were sold to him by the defendant. He alleges the defendant orally promised to repurchase this stock at par, if the same failed to pay 6 per cent upon the investment; that it did not pay that interest; that defendant has refused to repurchase; that defendant agreed to rebuy if plaintiff should become dissatisfied with the stock, and in that event, the stock was to be taken back at the price that plaintiff had paid for the same. The defense was a general denial. We shall not pass at any great length upon what claim is made that the testimony is insufficient to sustain the verdict which plaintiff has. It would serve no useful purpose to say more on this point than that there was no warrant for giving an instruction prayed, charging the jury that the evidence was insufficient to sustain a verdict for plaintiff, and to return a verdict for defendant.

II. It appears clearly that the enterprise in which the plaintiff bought his stock has failed. The plaintiff, as a witness, was permitted to give some testimony tending to show that the stock purchased was of little, if any, value. Complaint is made that he had not qualified himself to speak to that point. We are of opinion that, where a buyer of shares in a business enterprise

1. EVIDENCE: opinion evidence: value of shares of stock.

makes some examination of the value of what he is buying, and finds, after he has bought, that the concern in which he has the shares has failed, it furnishes sufficient foundation for admitting his testimony as to the value of these shares. The cases in this court are, and we think should be, very liberal as to the foundation to qualify for such testimony. And we think the ruling here receiving it is fairly within those decisions, and that here was no error. Wigmore on Evidence, Section 716; *City Nat. Bank v. Jordan*, 139 Iowa 499, 500; *Tubbs v. Mechanics' Ins. Co.*, 131 Iowa 217, at 219. What has been said sufficiently indicates why we think it was not error to permit plaintiff to testify that the goods in the hardware stock in which he bought shares had no market value. Testimony received to the effect that this stock had no market value anywhere at the time of the trial, and other that plaintiff witness knew of one note outstanding against the hardware company, but did not know its amount nor its owner, if assumed to be erroneous, cannot possibly have been prejudicial, under the issues tried out in this case.

III. It is assigned it was error to overrule motions in arrest of judgment interposed by defendant, the motion asserting that plaintiff had failed to tender the stock to defendant.

2. TENDER: excusable failure to tender.

There was evidence that defendant unqualifiedly refused to take back the stock under any conditions. This made it unnecessary to tender him the stock certificate. The unqualified refusal to accept, if tendered, relieved from the duty of making a formal tender. This is elementary.

Even if it was one of the grounds of the motion in arrest that no demand was made upon defendant, and if we could say, under the evidence, that, as matter of law, no

·demand had been made, we are of opinion

**3. CONTRACTS: performance or breach: unnecessary demand for performance.** that formal demand was unnecessary, for one thing, on the reasoning that excused formal tender.

The citations made for the proposition that, in certain cases, demand must be pleaded, can be met without reference to what has already been said, by pointing out that, if an allegation of such demand was essential, the defendant knew the allegation had not

**4. PLEADING: waiver: demand for performance.** been made, and that failure to make attack upon the pleading forecloses that contention at this late time.

IV. We have complaints lodged against the giving of instructions. The question was tried at a time when the statute required exceptions to be made before the charge was given, except that, under specified con-

**5. TRIAL: instructions: failure to except.** ditions, the exceptions might be first made in motion for new trial. The exceptions here were all made for the first time in that motion. But there is not even an attempt to make a "showing" as a basis for delaying the exceptions until after verdict. It is not as much as stated that the errors later complained of were overlooked at the time of the trial. We cannot consider the exceptions to the charge. We find no prejudicial error.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.