R. J. WATKINS COMPANY, Appellant, v. WILLIAM PETERSON et al., Appellees.

No. 40105.

JUNE 23, 1930.

*Tawney, Smith & Tawney* and *Bolter & Murray*, for appellant.

*Robertson & Havens*, for appellees.

STEVENS, J.—On December 1, 1920, George P. Rogers entered into a contract in writing with appellant for the purchase and sale of certain goods manufactured and sold by the company. A similar prior contract had been entered into between the same parties, under which Rogers had become indebted to appellant in the sum of $1,920.61. Appellees signed both contracts, guaranteeing the performance by Rogers of the terms of each of them. The contract in suit contained provisions mutually settling and agreeing upon the balance due, and an extension of the time of payment thereof. The agreement signed by appellees contained an unconditional guaranty of full payment of the balance due on the prior contract. The contract in suit contemplated the purchase of certain merchandise not very particularly described therein, and the sale by Rogers thereof at retail in certain territory assigned to him, or in which he was permitted to carry on the business. Since he failed to pay promptly for merchandise delivered to him under the contract in suit, and perhaps for other reasons, appellant canceled the contract, which it had a right to do, according to its terms, and declined to ship further merchandise to Rogers, and demanded payment of the full amount then due under both contracts. The sum for which judgment was entered was the balance due under the terms of the new contract. Many defenses were set up by appellees.

At the commencement of the trial, counsel for appellees made certain admissions which reduced the alleged defenses to two: One, that, to entitle appellant to recover against appellees on the contract of guaranty, it had the burden of proof to show that, in the sale and delivery of the merchandise, appellant relied upon the contract of guaranty; and the other, that the contract, as between the parties to this appeal, was without consideration. The proposition first stated is not insisted upon by counsel in argument. We have, therefore, but one question: That is, is the contract of guaranty supported by a good and valid consideration? The court obviously found that there was a valid consideration for the new contract, in so far as future

sales of merchandise were involved. There is no cross-appeal from the small judgment entered against appellees.

The consideration recited in the writing signed by appellees is, in substance, as follows: The sum of one dollar (not, in fact, paid), the execution of the contract signed only by appellant and Rogers, and the extension of time for the payment of the balance due on the prior contract. Appellees signed the prior contract, guaranteeing the payment of all sums to become due thereunder. There can be no reasonable question as to the existence of a valid consideration for the mutual promises contained in this contract. The proposition which we are called upon to determine is: Was there a valid consideration for the new promise to pay that indebtedness?

It is contended in behalf of appellees that the contract in suit—that is, the new contract—was breached by appellant when it failed and refused to ship further merchandise to Rogers upon orders from him therefor. Whether this contention be sound or not, it could affect only the amount claimed to be due under the contract in suit. It could not affect the unpaid liability of appellants on the prior contract. The court obviously found that there was not such a breach of the contract in suit as operated to discharge the guarantors from liability. If the court had made a contrary finding, no judgment could properly have been entered against appellees for the amount stated, $81.60.

In the first place, the writing imports a consideration. Clearly, there was a valid consideration as between appellees and Rogers. It was not necessary to a consideration for the promise of appellees that something actually pass from appellant to appellees. The consideration for the principal contract was sufficient at this point for that guaranty under the new contract. It is, of course, conceded that a valid extension of the time for the payment of the balance due under the prior contract would constitute a good and sufficient consideration for the promise of appellees. It is, however, contended that the principal contract did not contain a valid and binding provision extending the time of payment. It is true that no particular date for payment of the amount due was agreed upon or stated in the contract. The contract does, however, recite that Rogers agrees to pay the sum in controversy from time to time during the life of the agreement, in amounts satisfactory to appellant, and at the

termination of the agreement, he further agrees to pay any balance then remaining unpaid. The agreement for the extension of time was such that suit could not have been immediately commenced against appellees on the account.

Further discussion of the subject is not necessary. The existence of a valid consideration for the promise of appellees is too clear for argument, as a reading of the decisions in the following cases will show. There is the mutual promise of the parties to the main contract, a renewal of the promise on the part of appellees to pay the debt, the forbearance to sue, and the agreement for an extension of time. *Castelline v. Pray,* 200 Iowa 695; *Henderson v. Booth,* 11 Iowa 212; *Sabin & Moon v. Harris,* 12 Iowa 87; *Queal & Co. v. Peterson,* 138 Iowa 514; *Kenigsberg v. Reininger,* 159 Iowa 548; *Bell v. Cooper,* 190 Iowa 529; *Watkins Med. Co. v. Hunt,* 104 Neb. 266 (177 N. W. 462); *Beed v. Beed,* 207 Iowa 954; *Watkins Med. Co. v. Holloway* (Mo. App.), 181 S. W. 602; *Gordon v. Rawleigh Co.,* 117 Okla. 235 (245 Pac. 825); *McWhorter v. First State Bank* (Tex. Civ. App.), 11 S. W. (2d Ser.) 808; *Rawleigh Co. v. Washburn,* 80 Mont. 308 (260 Pac. 1039).

It follows that the judgment appealed from should be, and it is, reversed.—*Reversed.*

MORLING, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.