BEULAH KRUTSINGER, Appellee, v. SCHOOL TOWNSHIP OF LIBERTY, Appellant.

No. 42649.

DECEMBER 11, 1934.

E. A. Anderson and W. W. Bulman, for appellant.

Stuart & Hass, for appellee.

STEVENS, J.—A written contract signed by appellee as teacher and L. E. Mumford, subdirector of School District No. 5 of Liberty Township, Lucas county, was entered into in June, 1932. The term

agreed upon was eight weeks, and the consideration expressed .in the contract $80 per month. The contract was on the date of its execution, or some time subsequent thereto, duly signed by the president of the school board. It is conceded that the subdirector had been previously authorized to employ a teacher for the term designated. The contract was not, in fact, signed by appellee until September 3d following, which was two days prior to the date fixed for the commencement of the term.

This controversy involves two primary propositions—one that the terms of the contract were not, in fact, fully agreed upon by the parties, and the other that appellee rendered herself ineligible to teach the school by her marriage on September 1st. Ineligibility at this point is based upon a resolution of the school board adopted prior to June, 1932, forbidding the employment of married women to teach in the public schools of the township. Appellee was not permitted to teach by the board for the reasons stated.

It is also urged by appellant that the contract was procured by fraud and was not properly filed in the office of the secretary of the board prior to September 5th. The briefs and argument of counsel quite inadequately present and discuss numerous legal questions on the record involved in this case. In view of the conclusion reached herein, we shall omit discussion and decision of these questions.

On the date the contract was signed by the subdirector, appellee took it to his home but found him about the premises without his glasses and unable to himself fill in. some of the necessary blank spaces in the contract, particularly the date on which the term was to commence and the monthly salary to be paid. These blank spaces were admittedly filled in by appellee.

The fact controversy arises out of a claimed dispute as to the salary to be paid. Appellee was entitled, under the provisions of section 4341 of the Code of 1931, to receive a minimum wage of $80 per month. This appellants concede. Appellee testified that she wrote the compensation of $80 per month in the contract with the consent of the subdirector. This he emphatically denies. His testimony on this point is more or less weakened on cross-examination, but there is testimony tending to show that he forbade appellee to insert $80 per month in the contract. The subdirector testified that he understood there was to be a reduction in the salary of the teachers and he requested her to consult the secretary of the board on this point. The fact that appellee was entitled under the statute

to a minimum wage of $80 per month is not conclusive against appellant. The record does not disclose whether the school board had, in fact, fixed the salary it was willing to pay teachers at $65 per month or not, the amount now claimed to have been agreed upon. It does appear, however, that there was some dispute between appellee and the subdirector as to whether the salary to be paid was not less than the minimum to which she was by law entitled. Mutual assent of the parties is essential to the consummation of a contract. Goodpaster v. Porter & Courtney, 11 Iowa 161; Lynn v. Richardson, 151 Iowa 284, 130 N. W. 1097; Hodgson v. Keppel, 211 Iowa 795, 232 N. W. 725. That is to say, the minds of the parties must meet upon all of the essential elements thereof. Appellee could not, because she was entitled to receive the legal minimum of $80 per month, arbitrarily insert that sum in the contract. The assent of the subdirector thereto was essential. The record shows a conflict in the evidence at this point. It was possible, under the minimum wage law, for a subdirector to procure a teacher at a salary of $65 per month. There is evidence in the record tending to show that the board had previously determined that teachers' salaries should be fixed at that sum, but no resolution of the board to that effect was introduced in evidence. A jury under the evidence, although not necessarily persuasive, might have found that the terms of the contract as to salary were not agreed to by the parties but were left to future determination, or at least that the subdirector did not give assent to the salary fixed. He claimed that it was inserted contrary to his understanding. If appellee was forbidden by the subdirector to write into the contract that the salary was to be $80 per month, her act in doing so did not become binding upon the district. Appellee testified that the salary was agreed upon and written into the contract with the consent of the subdirector before it was signed by him. This he denies. We think, therefore, there was such conflict in the evidence as to the mutual assent of the parties to the terms of the contract as to present a question of fact for the jury.

II. The plaintiff has appealed from the ruling of the court directing the jury to return a verdict against her upon her cause of action based upon an alleged oral extension of the terms of the written agreement. It is provided by section 4229 that "contracts with teachers must be in writing, and shall state the length of time the school is to be taught, the compensation per week * * * or month * * * *" and shall be "signed by the president and teacher, and shall

be filed with the secretary before the teacher enters upon performance of the contract." All of the formal requirements of the statute were complied with, that is, it was in writing, the compensation and length of the term to be taught appear in the contract which before September 5th was signed by appellee and tendered to the secretary for filing. The legal questions otherwise bearing upon the validity of the contract are inadequately raised by the assignments and discussed by counsel. We, therefore, refrain from passing thereon. The contract must be in writing and the term to be taught must be fixed therein. These formal requirements were fully met in the present case. An oral extension of the terms of the contract would necessarily apply to a term to be taught which, under the statute, must be in writing. The statute requires a written contract which shall fix the term to be taught. The legislative intent clearly manifest from the terms of the statute excludes the extension of the term fixed by the written contract by oral consent.

The case presented is not one where the teacher has, with the acquiescence and consent of the board, performed services as a teacher for which she claims compensation. Appellee was not permitted to enter at all upon the discharge of her duties as a teacher. It follows that the judgment upon the appeal of the defendant should be reversed and affirmed on plaintiff's appeal.

Reversed on defendant's appeal. Affirmed on cross-appeal.

MITCHELL, C. J., and ALBERT, KINTZINGER, and ANDERSON, JJ., concur.