LEON C. THOMAS, Appellant, v. PEOPLES' GAS & ELECTRIC COMPANY, Appellee.

No. 43036.

NOVEMBER 19, 1935.

J. E. Williams, for appellant.

Smith & Feeney, for appellee.

ALBERT, J.—Briefly stated, the United Light & Railways Company (a Delaware corporation with its principal place of business at Davenport, Iowa) had on the market in 1930 cer-

tain shares of stock. The Peoples' Gas & Electric Company, through advertisement in the local newspapers in Mason City and through its subagent, J. E. McMahon, solicited purchasers for this stock. The plaintiff signed application to purchase the shares in controversy herein from the United Light & Railways Company, and did purchase the shares referred to in this action.

It is the claim of the plaintiff, and he testifies, that prior to the purchase of said shares, the defendant, through its representative, J. E. McMahon, stated to the plaintiff: "Any time you want your money back bring your stock to the Peoples' Gas & Electric Company and within five days we will give you $98 a share for it." In another place the plaintiff states that Mc-Mahon said: "Bring the stock to the Peoples' Gas & Electric Company and just as soon as a letter can go down to Davenport and come back the money would be back $98 on a share." It is the claim of the plaintiff that he relied on these statements, and that after receiving the stock that he had purchased he subsequently went to the defendant and demanded the $98 a share for the stock he had purchased, and was refused. Hence this action.

If the plaintiff is entitled to recover, it must be on the theory that the stock was bought with the understanding that the defendant would pay him $98 a share for such stock on the return of the same to the defendant, and on this theory alone. One of the grounds of the motion to direct a verdict was that recovery could not be had on this kind of an agreement unless there was a memorandum in writing of the contract or sale signed by the party to be charged, or his agent.

The evolution of the statute of frauds in this state is somewhat interesting. At the common law, the statute of frauds was substantive law and forbade a recovery on an oral contract without a written memorandum. The original statute of frauds in Iowa, up to and including the Code of 1897 (section 4625), was purely an evidentiary statute, and provided that:

" * * * no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by his authorized agent:

"1. Those in relation to the sale of personal property, when no part of the property is delivered and no part of the price is paid; * * * ."

So far as we are interested, two exceptions were made to this statute. The first (section 4627) excepted contracts which were pleaded and not denied, with other exceptions in which we are not interested; the second (section 4628) provided that oral evidence of the maker against whom the unwritten contract is sought to be enforced shall be competent to establish the same. These last two sections appear as sections 11287 and 11288 in the present Code. In 1919 the General Assembly passed the Uniform Sales Act, which appears now as chapter 435 of the present Code. When this act was passed it carried its own statute of frauds, now appearing as section 9933 of the present Code. The first subdivision thereof reads as follows:

"A contract to sell or a sale of any goods or choses in action shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold and actually receive the same or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

In the Acts of the Extra Session of the Fortieth General Assembly, in 1924, the original section of the statute of frauds as it appears in section 4625 of the Code of 1897, was amended and recodified (Code 1931, section 11285). By this action the first subdivision thereof, heretofore set out, in relation to the sale of personal property, was omitted; so that at that time the statute of frauds, so far as the sale of personal property was concerned, was controlled by the aforesaid section 9933 of the present Code. The Forty-first General Assembly, in 1925 (chapter 185), inserted in the Uniform Sales Act what now appears as section 9933-a1 of the Code, by which sections 11287 and 11288 were made to apply to goods and choses in action. The law, therefore, under its present status, must be found in section 9933 of the present Code, as modified by the aforesaid sections 11287 and 11288. To correlate these two sections, the law as to the statute of frauds as applied to this case must now be that recovery cannot be had on an oral contract of sale unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf. To this, by reason of section 9933-a1, there are two exceptions: The first, as covered by section 11287; and, under

section 11288 the plaintiff is entitled to recover if he can prove such oral contract by testimony of the defendant. The plaintiff apparently recognized this rule and called the defendant's president to the witness stand and attempted to prove his oral contract by such witness. But in this he utterly failed, as the witness denied any oral contract and denied any authority on the part of the sub-agent, McMahon, to make any such oral agreement. It therefore follows, under the aforesaid section 9933, that plaintiff was not entitled to recover on the oral contract on which he bases his action.

Further than this, we had a very similar situation to that which here exists in the case of Calvert v. Mason City Loan & Investment Co., 219 Iowa 963, 259 N. W. 452. In discussing the application of the statute of frauds to a contract to re-purchase, we distinguished between a case in which the purchase of stock was made through an agent, who was not the owner at the time the purchase was made, and one where the seller sells his own stock. We there stated the rule to be that the statute of frauds does not apply when the seller sells his own property, but when he sells the stock of a third person and is simply acting as agent; then the statute of frauds would apply. We there said:

"Where the property is purchased from an agent, the contract of purchase is between the purchaser and the agent's principal, and the contract to repurchase is a contract between the purchaser and the agent, in which case you have two contracts, and the better weight of authority holds that the contract to repurchase comes within the statute of frauds."

Several Iowa cases are cited and relied on by the plaintiff, such as Moench v. Hower, 137 Iowa 621, 115 N. W. 229; Kenigsberg v. Reininger, 159 Iowa 548, 141 N. W. 407; Vrba v. Krall, 187 Iowa 1221, 175 N. W. 4. These are all cases in which the seller was selling stock in its own corporation or was the owner of the stock which was sold. They are correct expositions of the law as to the facts existing in those cases, but are not controlling in the present case, because the gas company defendant, if it is held to be the seller, was not selling its own stock or stock which was owned by it in the Davenport corporation, and the uniform rule seems to be, as stated in the aforesaid Calvert case,

that under such circumstances the oral contract is within the statute of frauds and no recovery can be had thereon.

As throwing light on this subject, without quoting, it will be found that the following authorities support this rule. 27 C. J., p. 237, section 253; Spencer v. McGuffin, 14 A. L. R. 385 note; Korrer v. Madden, 152 Wis. 646, 140 N. W. 325; Seaman v. Sweat, 22 Ga. App. 92, 95 S. E. 378; Weatherly v. Cotter, 142 Ga. 457, 83 S. E. 104; Pierce v. Rothwell, 38 Wyo. 267, 267 P. 86; Becker v. Kreul, 173 Wis. 273, 181 N. W. 211; Morse v. Douglass, 112 App. Div. 798, 99 N. Y. S. 392.

The plaintiff, having failed to establish his contract as against the statute of frauds, was not entitled to recover; and, also, the plaintiff's evidence showing that the stock that was purchased by him was not owned by the defendant and that the defendant had no interest therein, it necessarily follows that the district court reached the right conclusion.—Affirmed.

KINTZINGER, C. J., and PARSONS, DONEGAN, RICHARDS, and HAMILTON, JJ., concur.