·BECKER, Appellant, vs. KREUL, Respondent. ·

*January 11—February 8, 1921.* ·

*Statute of frauds: Agreement to repurchase corporate stock.*

An oral agreement by a stockholder in a corporation to repur-
.chase stock sold and delivered by another stockholder was
within the statute of frauds and void (sec. 2307, Stats.), al-
though such agreement was a part of the inducement extended
to the purchaser. *Korrer v. Madden,* 152 Wis. 646, followed.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. B. QUINLAN, Judge. *Affirmed.* ·

Action to recover moneys agreed to be repaid upon the
sale or transfer of certain corporate stock.   In December,
1915, the defendant and Henry F. Cochems were equal
owners of the capital stock of the Senator Lead & Zinc
Company, a Wisconsin corporation.   The authorized· capi-
tal was $30,000, which had been issued, or was to be issued,
to the defendant and Cochems in consideration of the trans-
fer to the company of certain mining property situated in
Southwestern Wisconsin.

It is the contention of the plaintiff that, in order to secure
the sale of stock of the par value of $2,500 owned by
Cochems, for the benefit of the corporate treasury, the de-
fendant represented that he "would guarantee the plaintiff
against any loss from said investment, and would redeem
said investment by returning the money to said plaintiff
whenever said moneys would be demanded by the plaintiff
and in any event before the expiration of one year." It is
the claim of the plaintiff that, relying upon said representa-
tion and guaranty, he placed a mortgage upon certain prop-
erty, borrowed $1,500 of his brother, paid the $1,500 into
the treasury of the corporation for operating purposes, and
received from Cochems $2,500, par value, of the capital
stock of the company.

It is the claim of the defendant that he made no such

representation or guaranty; that the investment was made by the plaintiff voluntarily and in order to share the profits of what promised to be a profitable enterprise.

After the payment of the money on December 24, 1915, and on the 27th day of December, 1915, it appears, without dispute, that the plaintiff signed a certain contract or release as follows:

"This agreement, made this 27th day of December, 1915, by and between *William C. Kreul,* hereafter known as party of the first part, and *J. C. Becker,* hereafter known as party of the second part.

"For one dollar and other valuable considerations, the party of the first part is to have four hundred shares of stock in the Senator Lead & Zinc Company when organized, which certificate is to be turned over to the party of the first part by the party of the second part, fully paid for.

"It is further agreed that there shall be no liability whatsoever from party of the first part to party of the second part in connection with any agreements or arrangements in the organizing of the Senator Lead & Zinc Company, and they are hereby canceled, and any verbal arrangements are hereby canceled.

"In witness whereof the party of the first part and party of the second part have hereunto set their hands and seals this 27th day of December, 1915.

2d "J. C. Becker.    (Seal.)
1st "Wm. C. Kreul.    (Seal.)"

Defendant claims if any representation or guaranty was made by him, that by the execution of the agreement of December 27, 1915, known as Exhibit 2, he was thereby released.

In the complaint the plaintiff alleges that he signed such release "at the office of the said defendant, said defendant during the busy hours while plaintiff was under stress of the service in the business of said defendant, said defendant asked plaintiff to sign a memoranda which he said pertained to certain four shares of stock and to the operation of said mining company, which plaintiff without knowing the con-

tents thereof, in reliance upon the truthfulness of said statement, signed."

It is the claim of the defendant that the release was executed in response to a proposal made by the plaintiff, that the blanks therein were filled in by the plaintiff, the instrument read over by him and voluntarily signed with full knowledge of its contents.

The plaintiff asked for no equitable relief and the prayer was for the recovery of $1,500 damages, costs, and disbursements.

The issues were submitted to the jury, which found a special verdict as follows:

"(1) Was it agreed by and between the plaintiff and the defendant that in consideration of the purchase of the twenty-five shares of stock, that if plaintiff became dissatisfied within a year the defendant would take the stock back and return his money? A. Yes.

"(2) If you answer question number 1 'Yes,' then answer this question: Was it understood and agreed by the plaintiff and the defendant that the defendant was to be released from his obligations to refund to plaintiff his money in the execution of the instrument dated December 27, 1915? A. No.

"(3) Did the defendant intentionally misrepresent to the plaintiff, at the time he obtained his signature thereto, the character and contents of Exhibits 2 and 4? A. Yes.

"(4) If you answer question number 3 'Yes,' then answer this question: Was the plaintiff induced to execute said Exhibit marked 2 and 4 by reason of and in reliance upon said misrepresentations as claimed? A. Yes.

"(5) If you answer question number 4 'Yes,' then answer this question: Was the plaintiff, in the exercise of due care, justified in relying thereon? A. No."

Upon the coming in of the verdict there were motions for judgment by the plaintiff and defendant and full argument before the court, at the close of which the court directed that judgment be entered upon the verdict in favor of the defendant and denied the plaintiff's motions. Judg-

ment was thereupon entered dismissing the plaintiff's complaint with costs, from which the plaintiff appeals.

For the appellant there were briefs by *Cochems, Wolfe & Kolinski* and *Timlin & Dean,* all of Milwaukee, and oral argument by *H. F. Cochems* and *W. H. Timlin.*

For the respondent there was a brief by *Joseph B. Doc,* attorney, and *Churchill, Bennett & Churchill,* of counsel, all of Milwaukee; and the cause was argued orally by *W. H. Churchill.*

ROSENBERRY, J.    This is an action to recover damages for breach of contract arising by reason of the refusal of the defendant to repurchase the stock in accordance with the agreement made December 24, 1917. It is not claimed that there was any fraud committed at the time of the making of this contract. If there was not in fact a valid contract, the question of whether or not the release of December 27, 1915, was procured by fraud becomes immaterial. This was a sale of stock owned by Cochems to the plaintiff, *Becker,* a part of the inducement being that the defendant agreed that he would, as found by the jury, take the stock and return the money if the plaintiff became dissatisfied within a year. These facts bring this case squarely within *Korrer v. Madden,* 152 Wis. 646, 140 N. W. 325. Here, as there, the defendant did not sell his own stock, no part of the purchase price was received by him, the stock was delivered to the plaintiff by Cochems, and payment was made to the company. We need not repeat here the discussion found in *Korrer v. Madden,* and we must hold that the contract in this case was within the statute of frauds. It was not in writing and therefore void. Sec. 2307, Stats.

*By the Court.*—Judgment affirmed.