FELTON, Respondent, vs. CHERKASKY, Appellant.

*February 16—March 12, 1940.*

For the appellant there were briefs by *Gustave J. Keller* and *L. H. Chudacoff,* both of Appleton, and oral argument by *Mr. Keller.*

For the respondent there was a brief by *Catlin & Catlin* of Appleton, and oral argument by *Mark Catlin, Sr.,* and *Mark Catlin, Jr.*

ROSENBERRY, C. J. As disclosed by the evidence, the facts in the case are not substantially in dispute. Late in 1935, the plaintiff approached the defendant seeking employment. At that time the defendant was the president and majority stockholder of the Sanitary Dairy & Ice Cream Company of Green Bay. The plaintiff and defendant had been acquaintances for a period of ten years. Early in 1936, the Sanitary Dairy & Ice Cream Company was in need of a bookkeeper. The defendant suggested the purchase of stock in the company by the plaintiff. After investigating the affairs of the company, the plaintiff and his father called upon one Henry Mehlberg, the owner of twenty-three shares of stock. The defendant had advised them that he thought the stock could be purchased for $750. The Feltons then called upon Mehlberg and after some negotiations purchased the stock for $500. The defendant received no part of the purchase price of this stock and had no interest in the stock. The Feltons then borrowed from the defendant the $500, purchased the stock, and the plaintiff entered the employ of the company, where he remained as bookkeeper until he ceased his employment, whereupon in accordance with his claim that the defendant had made an agreement to purchase the stock if the plaintiff ceased to remain an employee of the company, he demanded $500. Upon the refusal of the defendant to pay that sum, this action was begun.

The court submitted the following question to the jury, which the jury answered in the affirmative:

"Did the defendant, Ben Cherkasky, as a stockholder and officer of the Sanitary Dairy & Ice Cream Company, a cor-

poration, but in his own behalf and for his own benefit, enter into an agreement with the plaintiff, Oliver Felton, wherein and whereby he promised and agreed in consideration of the plaintiff, Oliver Felton, accepting employment in said Sanitary Dairy & Ice Cream Company and buying stock for the sum of $500 in said company, and if the said Oliver Felton would enter into said employment and buy said stock, that in case the said Oliver Felton should cease to be an employee of said Sanitary Dairy & Ice Cream Company, that at any time thereafter he, the said defendant, Ben Cherkasky, on demand, would repay him for said stock so purchased?"

The form of this question confused rather than clarified the issue. The plaintiff paid the defendant nothing, therefore there was no question of repayment. If there was a contract, it was a contract to purchase upon condition.

The second question, also answered in the affirmative, was as follows:

"Was the said plaintiff, Oliver Felton, employed by said company by and for the benefit and in the interest of the defendant, Ben Cherkasky?"

The trial court seems to have been of the view that because the defendant was a majority stockholder of the company, the employment of Felton by the company could be construed by the jury to be an employment for the benefit and in the interest of the defendant. We find no evidence in the record to sustain such a conclusion. It is, of course, of benefit to every stockholder that the company have employees to do its work, but there is no evidence in this case that any special benefit accrued to defendant.

The question for decision is this: The plaintiff having been employed by the company and the defendant having entered into an oral agreement that he would when the plaintiff ceased to be an employee upon demand pay him the purchase price of the stock, was an enforceable contract created? Upon this proposition the case is ruled adversely to plaintiff by *Korrer v. Madden* (1913), 152 Wis. 646, 140 N. W.

325. See also *Becker v. Kreul* (1921), 173 Wis. 273, 181 N. W. 211. An oral contract for the purchase of a chose in action of the value of $50 or upwards is void unless in writing. Sec. 121.04, Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the plaintiff's complaint.